# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF VIRGINIA
# ALEXANDRIA DIVISION

SEAN PRIEWE, Individually and on Behalf of
All Others Similarly Situated,

       Plaintiff,

v.

BIGBEAR.AI HOLDINGS, INC., LOUIS R.
BROTHERS, AMANDA LONG, KEVIN
MCALEENAN, JOSHUA KINLEY, and
JULIE A. PEFFER,

       Defendants.

Case No.: 1:25-cv-00623-PTG-WEF

Hon. Patricia Tolliver Giles

## MEMORANDUM OF LAW IN SUPPORT OF DR. GABRIEL ZADA'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL

**TABLE OF CONTENTS**

**Page**

I.    FACTUAL BACKGROUND ........................................................................................ 2

II.    PROCEDURAL HISTORY ....................................................................................... 4

III.    ARGUMENT ........................................................................................................ 4

    A.    Appointing Movant as Lead Plaintiff Is Appropriate ....................................... 4

        1.    Movant Filed a Timely Motion. ................................................................. 5

        2.    Movant Has the Largest Financial Interest in the Relief Sought. ............... 6

        3.    Movant Satisfies the Relevant Requirements of Rule 23. ........................... 6

            a.    Movant's Claims Are Typical. .......................................................... 7

            b.    Movant Is An Adequate Representative. ............................................ 8

    B.    Approving Lead Plaintiff's Choice of Counsel Is Appropriate. ....................... 9

IV.    CONCLUSION ................................................................................................... 10

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Brady v. Top Ships Inc.,*
324 F. Supp. 3d 335 (E.D.N.Y. 2018) ................................................................................. 5, 6

*In re Cendant Corp.,*
264 F.3d 201 (3d Cir. 2001) ...................................................................................................... 9

*City of Monroe Emps.' Ret. Sys. v. Hartford Fin. Servs. Grp.,*
269 F.R.D. 291 (S.D.N.Y. 2010) ............................................................................................... 8

*In re E-Trade Financial Corp.* Securuties Litigation,
No. 07-cv-8538 (S.D.N.Y.) ......................................................................................................... 9

*Ford v. VOXX Int'l Corp.,*
No. 14-cv-4183-JS-AYS, 2015 U.S. Dist. LEXIS 92705 (E.D.N.Y. Apr. 13, 2015) ............... 7

*In re Gentiva Sec. Litig.,*
281 F.R.D. 108 (E.D.N.Y. 2012) ............................................................................................... 7

*Gurevitch v. KeyCorp, et al.,*
No. 1:23-cv-01520 (N.D. Ohio Dec. 26, 2023) ....................................................................... 10

*Jaramillo v. Dish Network Corporation, et al.,*
No. 1:23-cv-00734 (D. Colo. Aug. 16, 2023) ............................................................................ 9

*Kuriakose v. Fed. Home Loan Mortg. Co.,*
No. 1:08-cv-7281-JFK, 2008 WL 4974839 (S.D.N.Y. Nov. 24, 2008) .................................... 7

*Martin v. BioXcel Therapeutics, Inc. et al.,*
No. 3:23-cv-00915 (D. Conn. Oct. 4, 2023) ............................................................................ 10

*Petersen v. Stem, Inc. et. al.,*
No. 3-23-cv-02329 (N.D. Cal. Aug 22, 2023) .......................................................................... 10

*Rensin, Trustee of the Rensin Joint Trust v. United States Cellular Corporation, et al.,*
No. 1:23-cv-02764 (N.D. Ill. July 11, 2023) ........................................................................... 10

*Solomon v. Peloton Interactive, Inc. et al.,*
No. 1:23-cv-04279 (E.D.N.Y. Sept 7, 2023) ........................................................................... 10

*In re Tesla Inc. Securities Litigation,*
No. 3:18-cv-4865 (N.D. Cal.) ..................................................................................................... 9

*Thant v. Rain Oncology Inc. et al.,*
5:23-cv-03518 (N.D. Cal. Nov. 1, 2023) .................................................................................... 9

ii

*Thant v. Veru, Inc. et al.,*
  No. 1:22-cv-23960 (S.D. Fla. July 27, 2023)........................................................................ 10

*In re U.S. Steel Securities Litigation,*
  No. 2:17-579-CB (W.D. Pa.) ................................................................................................ 9

*Villanueva v. Proterra Inc. et al.,*
  No. 5:23-cv-03519 (N.D. Cal. Oct. 23, 2023) ..................................................................... 9

*Waterford Twp. Police & Fire Ret. Sys. v. Smithtown Bancorp, Inc.*,
  No. 10-cv-00864-SLT, 2011 U.S. Dist. LEXIS 88552 (E.D.N.Y. May 31, 2011)................... 8

**Statutes**

15 U.S.C. § 78u-4 ...............................................................................................................*passim*

**Rules**

FED. R. CIV. P. 23.......................................................................................................... 1, 5, 7

Dr. Gabriel Zada ("Movant") respectfully submits this memorandum of law in support of his motion ("Motion") to appoint him as lead plaintiff and approve his selection of Levi & Korsinsky, LLP ("Levi & Korsinsky") as Lead Counsel pursuant to Section 21D of the Securities Exchange Act of 1934 ("Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), on behalf of a class consisting of all persons and entities other than Defendants that purchased or otherwise acquired BigBear.ai Holdings, Inc. ("BigBear" or the "Company") securities between March 31, 2022 and March 25, 2025, both dates inclusive (the "Class Period"), concerning claims under Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b) and 78t(a)) and Rule 10b-5 promulgated thereunder by the SEC (17 C.F.R. § 240.10b-5), against Defendants BigBear, Louis R. Brothers ("Brothers"), Amanda Long ("Long"), Kevin McAleenan ("McAleenan"), Joshua Kinley ("Kinley"), and Julie A. Peffer ("Peffer") (collectively, "Defendants").

Pursuant to the PSLRA, the person or group of persons with the largest financial interest in the relief sought by the Class who also satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure are presumed to be the "most adequate" plaintiff—*i.e.*, the plaintiff most capable of adequately representing the interests of Class members. The PSLRA provides that the Court shall appoint the most adequate movant as lead plaintiff. Movant believes that he is the "most adequate" movant, as defined by the PSLRA, and should be appointed lead plaintiff based on the substantial financial losses he suffered as a result of defendants' wrongful conduct as alleged in this litigation. Moreover, Movant satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure, as his claims are typical of other Class members' claims and he will fairly and adequately represent the interests of the Class. In addition, Movant's selection of Levi & Korsinsky as Lead Counsel should be approved because the firm has substantial experience in

securities class action litigation and the experience and resources to efficiently prosecute the Action.

## I.    FACTUAL BACKGROUND[1]

BigBear is an artificial intelligence ("AI")-driven technology solutions company. ¶ 2. The Company purportedly offers national security, supply chain management, and digital identity and biometrics solutions. *Id.*

Throughout the Class Period, Defendants made materially false and misleading statements regarding the Company's business, operations, and compliance policies. ¶ 7. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (i) BigBear maintained deficient accounting review policies related to the reporting and disclosure of certain non-routine, unusual, or complex transactions; (ii) as a result, the Company incorrectly determined that the conversion option within the 2026 Convertible Notes qualified for the derivative scope exception under ASC 815-40 and failed to bifurcate the conversion option as required by ASC 815-15; (iii) accordingly, BigBear had improperly accounted for the 2026 Convertible Notes; (iv) the foregoing error caused BigBear to misstate various items in several of the Company's previously issued financial statements; (v) as a result, these financial statements were inaccurate and would likely need to be restated; (vi) BigBear would require extra time and expense to correct the inaccurate financial statements, thereby increasing the risk that the Company would be unable to timely file certain financial reports with the SEC; and (vii) as a result, the Company's public statements were materially false and misleading at all relevant times. *Id.*

---

[1] Citations to "¶ __" are to paragraphs of the Class Action Complaint (the "*Priewe* Complaint") filed in the action styled *Priewe v. BigBear.ai Holdings, Inc., et. al.,* Case No. 1:25-cv-00623-PTG-WEF Action"). Unless otherwise defined, capitalized terms shall have the same meaning set forth in the *Priewe* Complaint. The facts set forth in the *Priewe* Complaint are incorporated herein by reference.

2

On March 18, 2025, BigBear disclosed in a filing with the SEC that certain of the Company's financial statements since fiscal year 2021 should no longer be relied upon and would be restated. ¶ 8. Specifically, management identified a material error in the previously reported financial statements related to the accounting treatment of the Company's 2026 Convertible Notes. *Id.* Moreover, BigBear revealed that, as a result of the foregoing, the Company would be unable to timely file its Annual Report for 2024 (the "2024 10-K") "without unreasonable effort or expense." *Id.*

As the market reacted to these disclosures, BigBear's stock price dropped 14.9%, or $0.52 per share, to close on March 18, 2025 at $2.97 per share. ¶ 9.

Then, post-market on March 25, 2025, BigBear filed its 2024 10-K. In discussing the error in the previously reported financial statements, the 2024 10-K stated, in relevant part, that a "conversion option embedded within the 2026 Notes was incorrectly deemed to be eligible for a scope exception from the bifurcation requirements of ASC 815-15 and therefore requires bifurcation as a derivative ('2026 Notes Conversion Option')" and that "[t]he 2026 Notes include certain adjustments to the conversion rate that violate the 'fixed-for-fixed' criteria described in [ASC] 815-40." ¶ 10. As a result, the consolidated financial statements were restated "to reflect the issuance of the 2026 Notes Conversion Option at fair value as of December 7, 2021 and the subsequent remeasurement to fair value at each reporting date." *Id.* The 2024 10-K further revealed that the adjustments reflected in the restatements related to, among other items, accumulated deficit, derivative liabilities, deferred tax liabilities, net loss, interest expense, and amortization of debt issuance discount. *Id.* Finally, the 2024 10-K disclosed that the Company had identified a material weakness in its internal control over financial reporting—specifically, that BigBear had not "consistently executed [its] technical accounting review policies, inclusive of the application

3

of certain interpretations subject to significant judgement or differences in interpretation, at a precision level sufficient to achieve complete, accurate and timely financial accounting, reporting and disclosures of certain non-routine, unusual, or complex transactions." *Id.*

In response to this news, BigBear's stock price declined 9.11%, or $0.32 per share, to close on March 26, 2025 at $3.19 per share. ¶ 11.

## II.   PROCEDURAL HISTORY

Pending before this Court is the above-captioned *Priewe* Action against the Defendants. Plaintiff Sean Priewe ("Priewe") commenced the first-filed action on April 11, 2025. On that same day, counsel acting on Priewe's behalf published a notice on *Access Newswire* announcing that a securities class action had been initiated against the Defendants. *See* Exhibit C ("Press Release") to the Declaration of Elizabeth K. Tripodi in Support of Movant's Motion ("Tripodi Decl.").

## III.   ARGUMENT

### A.   Appointing Movant as Lead Plaintiff Is Appropriate

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of: (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" — *i.e.*, the plaintiffs most capable of adequately representing the interests of the Class — is the class member or group of class members that:

> (aa) has either filed the complaint or made a motion in response to a notice. . .
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

4

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii).

The presumption "may be rebutted only upon proof by a purported member of the plaintiff class that the presumptively most adequate plaintiff—

(aa) will not fairly and adequately protect the interest of the class; or

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class."

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

As set forth below, Movant satisfies the forgoing criteria and has complied with all of the PSLRA's requirements to be appointed lead plaintiff. Movant has, to the best of his knowledge, the largest financial interest in this litigation—having lost $720,344.87 as a result of his transactions and meets the relevant requirements of Federal Rule of Civil Procedure 23. *See* Loss Chart, Ex. B to Tripodi Decl. In addition, Movant is not aware of any unique defenses that Defendants could raise against him that would render him inadequate to represent the Class. Accordingly, Movant respectfully submits that he should be appointed as lead plaintiff. *See Brady v. Top Ships Inc.,* 324 F. Supp. 3d 335, 350 (E.D.N.Y. 2018).

### 1.    Movant Filed a Timely Motion.

On April 11, 2025, pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), counsel for Plaintiff in the Action published the Press Release on *Access Newswire*—a widely circulated national business-oriented wire service—announcing that a securities class action had been filed against defendants herein and advising purchasers of BigBear securities that they had 60 days from the publication of the April 11, 2025 notice to file a motion to be appointed as lead plaintiff. *See* Tripodi Decl., Ex. C.

5

Movant timely filed his motion within the 60-day period following publication of the April 11, 2025 Press Release and submitted herewith a sworn certification attaching his transactions in BigBear securities and attesting that he is willing to serve as representative of the Class. *See* PSLRA Certification, Ex. A to Tripodi Decl. By making a timely motion in response to a PSLRA notice, Movant satisfies the first PSLRA requirement to be appointed as lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(aa).

### 2.    Movant Has the Largest Financial Interest in the Relief Sought.

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). At the time of this filing, Movant believes that he has the largest financial interest among Class members who filed timely applications for appointment as lead plaintiff and, accordingly, is presumed to be the "most adequate plaintiff."

Movant acquired BigBear securities at prices alleged to have been artificially inflated by Defendants' materially false and misleading statements and was injured thereby. As a result of Defendants' false statements, Movant suffered an approximate loss of $720,344.87. *See* Tripodi Decl., Ex. B. Movant is unaware of any other Class member claiming a larger financial interest in this matter that has filed a motion for appointment as lead plaintiff. Consequently, Movant believes that he has the "largest financial interest in the relief sought by the Class." Thus, Movant satisfies the second PSLRA requirement—the largest financial interest—and should be appointed as lead plaintiff for the Class. *See Top Ships,* 324 F. Supp. 3d at 350.

### 3.    Movant Satisfies the Relevant Requirements of Rule 23.

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must "otherwise satisfy the requirements of Rule

23 of the Federal Rules of Civil Procedure." *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

FED. R. CIV. P. 23(a).

In making its determination that a lead plaintiff candidate satisfies the requirements of Rule 23, typicality and adequacy are the only provisions of Rule 23 that are to be considered. *Ford v. VOXX Int'l Corp.,* No. 14-cv-4183-JS-AYS, 2015 U.S. Dist. LEXIS 92705, at *6 (E.D.N.Y. Apr. 13, 2015) (citing *In re Gentiva Sec. Litig.,* 281 F.R.D. 108, 112 (E.D.N.Y. 2012)). At the lead plaintiff stage of the litigation, Movant need only make a preliminary showing that he satisfies Rule 23's typicality and adequacy requirements. *Id.* at *6.

### a.     Movant's Claims Are Typical.

The Rule 23(a) typicality requirement is satisfied when a lead plaintiff's claims arise from the same event, practice, or course of conduct that gives rise to other class members' claims, and lead plaintiff's claims are based on the same legal theory. *See Kuriakose v. Fed. Home Loan Mortg. Co.,* No. 1:08-cv-7281-JFK, 2008 WL 4974839, at *5 (S.D.N.Y. Nov. 24, 2008); Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id.*

Movant's claims are typical of the claims asserted by the proposed Class. Like all members of the Class, Movant alleges that Defendants' material misstatements and omissions concerning BigBear's business, operational and financial results violated the federal securities laws. Movant, like all members of the Class, purchased or otherwise acquired BigBear securities pursuant and/or traceable to the IPO. *Waterford Twp. Police & Fire Ret. Sys. v. Smithtown Bancorp, Inc.*, No. 10-

cv-00864-SLT, 2011 U.S. Dist. LEXIS 88552, at *12 (E.D.N.Y. May 31, 2011) (typicality satisfied where movants purchased stock at artificially inflated prices "and suffered damages as a result"). Accordingly, Movant's interests and claims are "typical" of the interests and claims of the Class.

### b.    Movant Is An Adequate Representative.

"The adequacy requirement is satisfied where: (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *City of Monroe Emps.' Ret. Sys. v. Hartford Fin. Servs. Grp.,* 269 F.R.D. 291, 297 (S.D.N.Y. 2010). Movant has demonstrated his adequacy by retaining competent and experienced counsel, Levi & Korsinsky, with the resources and expertise to efficiently prosecute the Action, and Movant's financial losses ensure that he has sufficient incentive to ensure the vigorous advocacy of the Action. *See* Tripodi Decl., Ex. B. Movant is not aware that any conflict exists between his claims and those asserted on behalf of the Class.

Moreover, Movant considers himself to be a sophisticated investor, having been investing in the stock market for approximately 25 years. He resides in Los Angeles, California. He holds undergraduate and medical degrees from University of California, Berkeley, and University of California, San Francisco, respectively. Movant is currently employed as a Professor of Neurological Surgery, Otolaryngology, and Internal Medicine at Keck School of Medicine of University of Southern California.. Further, Movant has experience working with attorneys based on previous engagements in which he was hired to provide expert services in support of litigation.

8

Therefore, Movant will prosecute the Action vigorously on behalf of the Class. *See* Tripodi Decl., Ex. D, Movant's Declaration in support of his motion.

Accordingly, Movant meets the adequacy requirement of Rule 23.

### B.  Approving Lead Plaintiff's Choice of Counsel Is Appropriate.

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *In re Cendant Corp.*, 264 F.3d 201, 274 (3d Cir. 2001). Thus, the Court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Here, Movant has selected Levi & Korsinsky to pursue this litigation on his behalf and has retained the firm as the Class' Lead Counsel in the event he is appointed as lead plaintiff. Levi & Korsinsky possesses adequate experience in securities litigation and has successfully prosecuted numerous securities class actions on behalf of injured investors, as reflected by the Firm Résumé attached to the Tripodi Decl. as Ex. E. Moreover, Levi & Korsinsky has often been appointed as lead counsel in similar actions across the country arising under the federal securities laws on behalf of investors. As lead counsel in *In re U.S. Steel Securities Litigation,* No. 2:17-579-CB (W.D. Pa.), Levi & Korsinsky secured a $40 million recovery on behalf of investors in the securities of U.S. Steel. The firm also secured a $79 million recovery on behalf of E-Trade investors in *In re E-Trade Financial Corp.* Securities Litigation, No. 07-cv-8538 (S.D.N.Y.). Levi & Korsinsky also has trial experience relating to *In re Tesla Inc. Securities Litigation,* No. 3:18-cv-4865 (N.D. Cal.), representing Tesla investors who were harmed by Elon Musk's "funding secured" tweet from August 7, 2018. *Id*. In the last year alone, Levi & Korsinsky has been appointed lead or co-lead counsel in a number of actions in this Circuit and across the Country including *Thant v. Rain Oncology Inc. et al.*, 5:23-cv-03518 (N.D. Cal. Nov. 1, 2023); *Jaramillo v. Dish Network*

9

*Corporation, et al.*, No. 1:23-cv-00734 (D. Colo. Aug. 16, 2023); *Villanueva v. Proterra Inc. et al.,* No. 5:23-cv-03519 (N.D. Cal. Oct. 23, 2023); *Martin v. BioXcel Therapeutics, Inc. et al.,* No. 3:23-cv-00915 (D. Conn. Oct. 4, 2023); *Rensin, Trustee of the Rensin Joint Trust v. United States Cellular Corporation, et al.*, No. 1:23-cv-02764 (N.D. Ill. July 11, 2023); *Petersen v. Stem, Inc. et al.,* No. 3-23-cv-02329 (N.D. Cal. Aug 22, 2023); *Solomon v. Peloton Interactive, Inc. et al.,* No. 1:23-cv-04279 (E.D.N.Y. Sept 7, 2023); *Gurevitch v. KeyCorp, et al.*, No. 1:23-cv-01520 (N.D. Ohio Dec. 26, 2023); *Thant v. Veru, Inc. et al.,* No. 1:22-cv-23960 (S.D. Fla. July 27, 2023). Thus, the Court may rest assured that by granting Movant's motion, the Class will receive the highest caliber of legal representation possible.

## IV.    CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court grant his Motion and enter an Order: (1) appointing Movant as Lead Plaintiff; (2) approving his selection of Levi & Korsinsky as Lead Counsel for the Class; and (3) granting such other relief as the Court may deem just and proper.

*[Signature on following page]*

10

Dated: June 10, 2025                                          Respectfully Submitted,

                                                             **LEVI & KORSINSKY, LLP**

                                                   By: /s/ *Elizabeth K. Tripodi*
                                                             Elizabeth K. Tripodi (VA Bar #73483)
                                                             **LEVI & KORSINSKY, LLP**
                                                             1101 Vermont Ave. NW, Suite 800
                                                             Washington, D.C. 20005
                                                             Tel: (202) 524-4290
                                                             Fax: (202) 333-2121
                                                             Email: etripodi@zlk.com

                                                             Adam M. Apton (*pro hac vice* forthcoming)
                                                             **LEVI & KORSINSKY, LLP**
                                                             33 Whitehall Street, 17th Floor
                                                             New York, NY 10004
                                                             Tel: (212) 363-7500
                                                             Fax: (212) 363-7171
                                                             Email: aapton@zlk.com

                                                             *Lead Counsel for Dr. Gabriel Zada and*
                                                             *[Proposed] Lead Counsel for the Class*

## CERTIFICATE OF SERVICE

I, Elizabeth K. Tripodi, hereby certify that this document was filed through the CM/ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing on this 10th day of June, 2025.

/s/ *Elizabeth K. Tripodi*
Elizabeth K. Tripodi

12