**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| SEAN PRIEWE, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> BIGBEAR.AI HOLDINGS, INC., LOUIS R. BROTHERS, AMANDA LONG, KEVIN MCALEENAN, JOSHUA KINLEY, and JULIE A. PEFFER, <br><br> Defendants. | Case No. 1:25-cv-00623-PTG-WEF <br><br> **CLASS ACTION** |

**MEMORANDUM OF LAW IN SUPPORT OF THE**
**MOTION OF MICHELLE LUTTIG FOR APPOINTMENT AS LEAD**
**PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL**

Michelle Luttig ("Luttig") respectfully submits this memorandum of law in support of her motion for: (a) appointment as Lead Plaintiff, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); and (b) approval of her selection of Bernstein Liebhard LLP ("Bernstein Liebhard") as Lead Counsel and The Kaplan Law Firm as Local Counsel for the litigation.

## PRELIMINARY STATEMENT

Currently pending in this District is the above-captioned securities class action (the "Action") asserting violations of the Exchange Act against Defendants on behalf of all purchasers (the "Class") of BigBear.ai Holdings, Inc. ("BigBear" or the "Company") securities between March 31, 2022 and March 25, 2025, inclusive (the "Class Period"). Under the PSLRA, class action complaints alleging violations of the Exchange Act trigger statutory requirements for selecting the most adequate plaintiff to lead the action (the "Lead Plaintiff"). The presumptive lead plaintiff is the movant that has both the largest financial interest in the litigation and has made a *prima facie* showing that it is a typical and adequate class representative under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23").

Luttig satisfies these requirements. First, Luttig suffered a financial loss of $72,328 on her purchases of BigBear securities. Luttig believes that her loss is the largest financial loss in the litigation. Second, Luttig satisfies the requirements of Rule 23 because her claims are typical of the claims of the Class as she suffered harm in connection with the same related misstatements and omissions as the rest of the Class. Luttig will also fairly and adequately represent the interests of the Class.  Luttig lives in Henderson, Nevada, is a college student, and has been investing for approximately 4 years.  Luttig satisfies the standards under the PSLRA to be appointed as Lead Plaintiff.

Accordingly, Luttig respectfully requests that the Court appoint her as Lead Plaintiff and approve her selection of Bernstein Liebhard as Lead Counsel and The Kaplan Law Firm as Local Counsel.

## SUMMARY OF ALLEGATIONS

BigBear is an artificial intelligence ("AI")-driven technology solutions company. The Company purportedly offers national security, supply chain management, and digital identity and biometrics solutions.

In June 2021, BigBear.ai Holdings entered into a merger agreement (the "Merger Agreement") with GigCapital4, Inc. ("GigCapital4"), a special purpose acquisition company, GigCapital4 Merger Sub Corporation ("Merger Sub"), and BBAI Ultimate Holdings. Pursuant to the Merger Agreement, Merger Sub first merged with and into BigBear.ai Holdings, with BigBear.ai Holdings being the surviving entity in the merger (the "First Merger"). Then, immediately following the First Merger, BigBear.ai Holdings merged with and into GigCapital4, with GigCapital4 being the surviving entity in the merger (the "Second Merger," and together with the First Merger, the "Mergers," and together with the other transactions contemplated by the Merger Agreement, the "Business Combination").

In connection with the Business Combination, BigBear issued $200 million of unsecured convertible notes-debt instruments that can be converted into equity at a future date-due to mature on December 15, 2026 (the "2026 Notes"). The 2026 Notes bear interest at a rate of 6.0% per annum, payable semi-annually, and not including any interest payments that are settled with the issuance of shares, and were convertible into 17,391,304 shares of the Company's common stock at an initial Conversion Price of $11.50. Convertible notes are often classified as long-term debt and as such, consistent with generally accepted accounting principles ("GAAP"), they must

be accounted for as liabilities until they reach maturity, at which point they either convert to equity or are repaid as principal and interest.

BigBear uses the Financial Accounting Standards Board's Accounting Standards Codification ("ASC"), which is the source of GAAP, to account "for all transactions and events in which it obtains control over one or more other businesses (even if less than 100% ownership is acquired), to recognize the fair value of all assets and liabilities assumed and to establish the acquisition date fair value as of the measurement date." Accordingly, because the Business Combination qualified as such a transaction, BigBear was required to account for it, and its issuance of the 2026 Convertible Notes therewith, in accordance with the ASC. Under ASC 815-15, an entity is required to bifurcate and separately account for a feature or derivative embedded within a host contract (such as the conversion option within the 2026 Notes) under certain circumstances.

Plaintiff alleges that Defendants made false and/or misleading statements and/or failed to disclose that, *inter alia*, BigBear maintained deficient accounting review policies related to the reporting and disclosure of certain non-routine, unusual, or complex transactions and improperly accounted for the 2026 Notes, leading BigBear to misstate various items in several of its financial statements.

On March 18, 2025, BigBear disclosed that certain of its financial statements since fiscal year 2021 should no longer be relied upon and would be restated. Specifically, management identified a material error in the previously reported financial statements related to the accounting treatment of the 2026 Notes. On this news, BigBear's stock price fell $0.52 per share, or 14.9%, to close at $2.97 per share on March 18, 2025.

3

## ARGUMENT

### I. THE COURT SHOULD APPOINT LUTTIG AS LEAD PLAINTIFF

#### A. The Procedure Required by the PSLRA

The PSLRA establishes a straightforward sequential procedure for selecting a Lead Plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." Sections 21D(a)(1) and (a)(3)(B), 15 U.S.C. §§ 78u-4(a)(1) and (a)(3)(B).

First, the plaintiff who files the initial action must publish a notice (the "Early Notice") to the class within 20 days of filing the action informing putative class members of: (1) the pendency of the action; and (2) their right to file a motion for appointment as Lead Plaintiff within 60 days after publication of the Early Notice. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i). Second, the PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by putative class members in response to an Early Notice by the later of: (i) 90 days after publication of the Early Notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. *See* 15 U.S.C. § 78u-4(a)(3)(B). Finally, in considering any motion to serve as Lead Plaintiff, the Court "shall appoint as lead plaintiff" the "most adequate plaintiff." *Id.*

The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" is the person that:

i) has either filed the complaint or made a motion in response to an Early Notice;

ii) in the determination of the court, has the largest financial interest in the relief sought by the class; and

iii) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

4

This presumption "may be rebutted only upon proof" by a putative class member that the presumptively most adequate plaintiff: (1) "will not fairly and adequately protect the interests of the class"; or (2) "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth *infra*, Luttig meets the foregoing criteria, and therefore is the presumptive "most adequate plaintiff" of the Class.

### B. Luttig Satisfies the Lead Plaintiff Provisions of the PSLRA

Luttig respectfully submits that she should be appointed lead plaintiff because she satisfies the requirements of the PSLRA. Luttig filed a timely motion to be appointed lead plaintiff, believes she has the largest financial interest in the relief sought by the Class, and satisfies the typicality and adequacy requirements of Rule 23.

### 1. Luttig Filed a Timely Motion

Luttig's motion is timely. On April 11, 2025, the Early Notice was published. *See* Declaration of Matthew B. Kaplan ("Kaplan Decl."), Exhibit A. Accordingly, putative class members had until June 10, 2025, to file lead plaintiff motions. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i)(II) ("not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff"). Here, Luttig timely filed the motion in response to the Early Notice. Additionally, Luttig has filed a sworn certification, pursuant to 15 U.S.C. § 78u-4(a)(2)(A), attesting to her review of the complaint in this action and willingness to serve as representative of the Class, including providing testimony at deposition and trial, if necessary. *See* Kaplan Decl., Ex. B. Accordingly, Luttig satisfies the first requirement to serve as Lead Plaintiff for the Class.

### 2.    Luttig Believes She Has the "Largest Financial Interest"

To the best of her knowledge, Luttig has the largest financial interest of any investor seeking to serve as Lead Plaintiff. The PSLRA instructs the Court to adopt a rebuttable presumption that the "most adequate plaintiff" is the plaintiff or movant with "the largest financial interest in the relief sought by the class" who "otherwise satisfies the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Luttig lost $72,328 in connection with her purchases of BigBear securities during the Class Period. *See* Kaplan Decl., Ex. C. Luttig is not aware of any other proposed lead plaintiffs with a larger financial interest.

### 3.    Luttig Satisfies the Requirements of Rule 23

Luttig meets the requirements of Rule 23. At this stage of the litigation, in determining whether a movant is the presumptive lead plaintiff under the PSLRA, only a *prima facie* showing that the requirements of Rule 23 are met is necessary. *See Tchatchou v. India Globalization Capital, Inc.,* 8:18-CV-03396-PWG, 2019 WL 1004591, at *7 (D. Md. Feb. 28, 2019) ("the proper inquiry at this stage is simply whether the movant has made a *prima facie* showing of typicality and adequacy"). Luttig satisfies the typicality and adequacy requirements of Rule 23, which are "the only [Rule 23] provisions relevant to a determination of lead plaintiff under the PSLRA." *Id*.

### a.  Luttig's Claims Are Typical of Those of the Class

Luttig satisfies the typicality requirement of Rule 23(a). "The typicality requirement of the rule requires that a Lead Plaintiff suffer the same injuries as the class as a result of the defendant's conduct and has claims based on the same legal issues." *Johnson v. Pozen, Inc*., 2008 WL 474334 (M.D.N.C. Feb. 15, 2008). Luttig's claims are typical of those of the Class because Luttig alleges, as do all Class members, that Defendants violated the Exchange Act by making what they knew or should have known were false and/or misleading statements of

6

material facts and/or by omitting to disclose material facts concerning BigBear. Luttig, like all Class members, purchased BigBear securities during the Class Period at prices alleged to have been artificially inflated by Defendants' misrepresentations and/or omissions. Luttig's claims are based on the same legal theory and arise from the same events as the Class's claims. Thus, Luttig satisfies the typicality requirement of Rule 23(a).

### b.  Luttig Will Adequately Protect the Interests of the Class

Luttig satisfies the adequacy requirement of Rule 23(a). The adequacy requirement is satisfied where the movant has no "interests that are adverse to the interests of the class, (ii) has retained competent counsel, and (iii) is otherwise competent to serve as class representative." *In re MicroStrategy Inc. Securities Litig.*, 110 F. Supp. 2d 427, 435-36 (E.D. Va. 2000). Luttig has no interests adverse to the interests of the class. Indeed, Luttig and members of the Class share the same interest: to maximize the recovery from Defendants as a result of the alleged fraud. Additionally, Luttig has further demonstrated her adequacy through her retention of Bernstein Liebhard as Lead Counsel for the proposed Class. As discussed more fully below, Bernstein Liebhard is highly qualified and experienced in securities class action litigation and has repeatedly demonstrated its ability to prosecute complex securities class action lawsuits nationwide. Luttig has submitted a signed certification declaring her commitment to protecting the interests of the Class, further demonstrating that she is competent to serve as class representative. *See* Kaplan Decl., Ex. C.  Luttig's substantial losses also demonstrate that she has a sufficient interest in the outcome of this litigation to ensure vigorous advocacy.

Luttig has made a *prima facie* showing that she meets the needed Rule 23 requirements.

## II.     THE COURT SHOULD APPROVE LUTTIG'S CHOICE OF COUNSEL

The PSLRA vests authority in the Lead Plaintiff to select and retain Lead Counsel, subject to court approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). Bernstein Liebhard has extensive

experience prosecuting complex securities class actions, such as this one, and is well qualified to represent the Class. *See* Kaplan Decl., Ex. D (Firm Résumé of Bernstein Liebhard). Bernstein Liebhard has often been appointed as Lead Counsel in securities class action cases since the passage of the PSLRA, and has appeared in major actions in throughout the country.

Bernstein Liebhard is currently serving as lead counsel in *In re IronNet, Inc. Securities Litigation*, No. 1:22-cv-00449 (E.D. Va.) before Judge Alston. Bernstein Liebhard recently negotiated a $6.625 million settlement in *IronNet*. Judge Alston granted preliminary approval to this settlement on March 31, 2025.

Some of the firm's recent Lead Counsel appointments include *Indiana Public Retirement System v. Rivian Automotive, Inc.*, Case No. 2:24cv04556 (C.D. Cal.); *Zerbato v. AlloVir, Inc.*, Case No. 1:24cv10152 (D. Mass.); *Teroganesian v. Southwest Airlines Co. et al.*, Case No. 4:23cv00115 (S.D. Tex.); *In re Origin Materials, Inc. Securities Litigtion*, Case No. 2:23-cv-01816 (E.D. Cal.); *Ouranitsas v. Tupperware Brands Corporation et al.*, Case No. 6:23cv00511 (M.D. Fla.); *Saye v. NIO Inc. et al.*, Case No. 1:22cv07252 (S.D.N.Y.); *Ferreira v. Funko, Inc.*, No. 2:20-cv-02319 (C.D. Cal.); *Valdes v. Kandi Technologies Group, Inc.*, No. 2:20-cv-06042 (E.D.N.Y.); *Vitiello et al. v. Bed Bath & Beyond, Inc. et al.*, No. 2:20-cv-04240 (D.N.J.); and *In re Stellantis N.V. Securities Litigation*, No. 1:19-cv-06770 (E.D.N.Y.).

*The National Law Journal* has recognized Bernstein Liebhard for thirteen years as one of the top plaintiffs' firms in the country. Bernstein Liebhard was also listed for fifteen consecutive years in *The Legal 500*, a guide to the best commercial law firms in the United States, as well as in *Benchmark Plaintiff: The Definitive Guide to America's Leading Plaintiff Firms & Attorneys* for four consecutive years. Bernstein Liebhard was also selected to the *National Law Journal's* annual "America's Elite Trial Lawyers" list for three consecutive years.

Some of Bernstein Liebhard's outstanding successes include:

- *In re Beacon Associates Litigation*, No. 09-cv-0777 (LBS) (AJP) (S.D.N.Y. 2013) ($219 million settlement);

- *In re Fannie Mae Securities Litigation*, No. 04-cv-1639 (FJL) (D.D.C. 2013) ($153 million settlement);

- *In re Tremont Securities Law, State Law and Insurance Litigation*, No. 08-cv-11117 (TPG) (S.D.N.Y. 2011) (settlement in excess of $100 million);

- *In re Marsh & McLennan Companies Securities Litigation*, No. 04-cv-8144 (CM) (S.D.N.Y. 2009) ($400 million settlement);

- *In re Royal Dutch/Shell Transport Securities Litigation*, No. 04-cv-374 (JAP) (D.N.J. 2008) (U.S.-based settlement amounting to $166.6 million);

- *In re Freeport-McMoRan Copper & Gold, Inc. Derivative Litigation*, C.A. No. 8145-VCN (Del. Ch. 2015) ($153.5 million settlement in a shareholder derivative action); and

- *City of Austin Police Retirement System v. Kinross Gold Corp. et al.*, No. 12-cv-01203-VEC (S.D.N.Y. 2015) ($33 million settlement).

Further, Bernstein Liebhard partner Stanley Bernstein served as Chairman of the Executive Committee in *In re Initial Public Offering Securities Litigation*, No. 21-MC-92 (SAS) (S.D.N.Y. 2009), one of the largest consolidated securities class actions ever prosecuted, resulting in a $586 million settlement.

Likewise, the Kaplan Law Firm is well-suited to serve as local counsel for the proposed Class. *See* Kaplan Decl. Exhibit E.

Accordingly, the Court may be assured that by granting this Motion, the Class will receive the highest caliber of legal representation.

## CONCLUSION

For the foregoing reasons, Luttig respectfully requests that this Court: (1) appoint Luttig as Lead Plaintiff; and (2) approve Luttig's selection of Bernstein Liebhard as Lead Counsel and The Kaplan Law Firm as Local Counsel for the litigation.

Dated: June 10, 2025

Respectfully submitted,

**THE KAPLAN LAW FIRM**

/s/ Matthew B. Kaplan
Matthew B. Kaplan (VSB # 51027)
1100 N. Glebe Rd., Ste. 1010
Arlington, VA 22205
Tel: (703) 665-9529
mbkaplan@thekaplanlawfirm.com

*Local Counsel for Michelle Luttig and Proposed*
*Local Counsel for the Proposed Class*

**BERNSTEIN LIEBHARD LLP**
Laurence J. Hasson
Joseph R. Seidman, Jr.
10 East 40th Street
New York, NY 10016
Telephone: (212) 779-1414
Facsimile: (212) 779-3218
Email: lhasson@bernlieb.com
        seidman@bernlieb.com

*Counsel for Michelle Luttig and Proposed Lead*
*Counsel for the Proposed Class*

10

## CERTIFICATE OF SERVICE

I hereby certify that on June 10, 2025, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record.

Dated: June 10, 2025

*/s/ Matthew B. Kaplan*
Matthew B. Kaplan