UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

|  |  |
|---|---|
| SEAN PRIEWE, Individually and on Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br>    v.<br><br>BIGBEAR.AI HOLDINGS, INC., LOUIS R. BROTHERS, AMANDA LONG, KEVIN MCALEENAN and JULIE A. PEFFER,<br><br>        Defendants. | Case No. 1:25-cv-00623-PTG-WEF |

**MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION OF YAN ZENG AND NING SUN FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL**

Yan Zeng and Ning Sun (the "Movants") respectfully submit this Memorandum of Law in further support of their unopposed Motion for appointment as Lead Plaintiff and approval of their selection of Lead Counsel and Liaison Counsel.[1]

## I. INTRODUCTION

The Movants have the largest financial interest in this Action.[2] They lost $1,276,764.43 on their investments in BigBear securities during the Class Period. The Movants' substantial financial interest, along with their *prima facie* showing of adequacy and typicality, entitles them to the

---

[1] On June 11, 2025, Gabriel Zada filed a Notice of Withdrawal. ECF No. 37. On June 16, 2025, Michelle Luttig filed a Notice of Non-Opposition. ECF No. 38. On June 20, 2025, Jason Wamp filed a Notice of Non-Opposition. ECF No. 39. On June 24, 2025, Mary Lou Caccavale filed a Notice of Non-Opposition. ECF No. 40.

[2] This case asserts claims for violations of the federal securities laws against BigBear.ai Holdings, Inc. ("BigBear" or the "Company") and certain of its officers on behalf of a putative class of investors who purchased BigBear securities between March 31, 2022 and March 25, 2025, both dates inclusive (the "Class Period").

1

strong presumption that they are the "most adequate plaintiff" to represent the class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). Accordingly, the Movants' Motion should be granted in its entirety.

## II. ARGUMENT

### A.    The Movants Have the Largest Financial Interest

The Private Securities Litigation Reform Act of 1995 (the "PSLRA") requires a court to adopt a rebuttable presumption that "the most adequate plaintiff" is the movant 1) with the largest financial interest in the relief sought by the class; and 2) who is otherwise adequate and typical. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii).

"Courts typically use net loss when determining which movant has the greatest financial stake in the litigation." *DeLuca v. Instadose Pharma Corp.*, 2022 WL 3020417, at *3 (E.D. Va. July 29, 2022) (*citing In re Mills Corp. Sec. Litig.*, 2006 WL 2035391, at *3 (E.D. Va. May 30, 2006)); *see also Bousso v. Spire Glob., Inc.*, 2024 WL 4873311, at *4 (E.D. Va. Nov. 21, 2024) ("[C]ourts generally consider . . . financial loss[] to be the most significant."). As demonstrated in the table below, the Movants far surpass the other lead plaintiff candidates in net financial loss:

| Movant | Loss Suffered |
|---|---|
| Movants | $1,276,764.43 |
| ~~Dr. Gabriel Zada~~ | ~~$720,344.87~~ |
| ~~Mary Lou Caccavale~~ | ~~$252,451~~ |
| ~~Jason Wamp~~ | ~~$144,366.08~~ |
| ~~Michelle Luttig~~ | ~~$72,328.84~~ |

*See* ECF Nos. 34-3, 20-2, 28-2, 25-3, 33-3 (movants' loss charts). Accordingly, the Movants indisputably have the largest financial interest in the relief sought by the class.

**B.      The Movants Satisfy the Requirements of Rule 23**

In addition to possessing a significant financial interest, the Movants "otherwise satisf[y] the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). At this stage of the litigation, the Movants need only make "a preliminary showing that [they have] claims which are typical of those of the putative class and that [they have] the capacity to provide adequate representation for others." *Grad v. Ironnet, Inc.*, 2022 WL 2789899, at *3 (E.D. Va. July 15, 2022) (*quoting Switzenbaum v. Orbital Scis. Corp.*, 187 F.R.D. 246, 250 (E.D. Va. 1999)). The Movants clearly satisfy the requirements of Rule 23. Their claims are typical of the class, and they will fairly and adequately represent its interests.

**1.      The Movants Are Typical**

Typicality requires that "a class representative must be part of the class and possess the same interest and suffer the same injury as the class members." *Lienhart v. Dryvit Sys., Inc.*, 255 F.3d 138, 146 (4th Cir. 2001). Here, the Movants, like other class members, purchased BigBear shares at prices allegedly inflated by Defendants' misrepresentations and omissions. Their claims are based on the same legal theories as other members of the class: that Defendants' misrepresentations and omissions violated Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5. *See, e.g.*, *DeLuca*, 2022 WL 3020417, at *5 (movant typical where it bought defendant's stock "during the period of time specified in the Complaint at prices artificially inflated by allegedly false or misleading statements and suffer[ed] financial losses as a result").

**2.      The Movants Are Adequate**

Adequacy under Rule 23 requires that the lead plaintiff "(i) does not have interests that are adverse to the interests of the class, (ii) has retained competent counsel, and (iii) is otherwise competent to serve as class representative." *In re MicroStrategy Inc. Sec. Litig.*, 110 F. Supp. 2d

3

427, 436 (E.D. Va. 2000). The Movants' interests in this Action are squarely aligned with the interests of the other members of the class. Furthermore, the Movants have certified under penalty of perjury that they are willing to serve as representatives of the putative class and desire to achieve the best possible result in prosecuting the case. ECF No. 34-2. They have provided information about themselves including where they reside, their investment experience, and the nature of their relationship and communications. *See* ECF No. 34-4. The Movants, two sisters-in-law, are a small group of related individuals, the type of lead plaintiff that is plainly provided for in the language of the PSLRA. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) (a presumptive lead plaintiff may be a "person or group of persons."); *see also DeLuca*, 2022 WL 302041, at \*4 (collecting in-district cases appointing groups as lead plaintiffs and noting that small groups are preferred to large ones).

The Movants have also selected experienced and highly qualified law firms to litigate this case on behalf of the putative class. *See* ECF Nos. 34-5, 34-6. Finally, their significant financial losses mean that they have a sufficient interest in the outcome of the case to ensure vigorous advocacy. Accordingly, the Movants readily satisfy the adequacy requirement.

The Movants have the largest financial interest in the relief sought by the class and have made a preliminary showing of adequacy and typicality. As such, they are the presumptive lead plaintiff. Reflecting this fact, each of the other movants has filed a notice of non-opposition or withdrawn. *See* ECF Nos. 37, 38, 39, 40. Accordingly, no "proof" has been presented to rebut the presumption, and the Movants are entitled to appointment. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

## III. CONCLUSION

For the foregoing reasons, the Movants respectfully request that the Court: (1) appoint the Movants as lead plaintiff; (2) approve the Movants' selection of Block & Leviton as Lead Counsel

and Cohen Milstein as Liaison Counsel; and (3) grant such other relief as the Court may deem just and proper.

DATED: June 24, 2025

Respectfully submitted,

/s/ Steven J. Toll
Steven J. Toll (Va. Bar No. 15300)
Julie Goldsmith Reiser
S. Douglas Bunch
**COHEN MILSTEIN SELLERS**
  **& TOLL PLLC**
1100 New York Avenue NW, Suite 800
Washington, DC 20005
Tel.: (202) 408-4600
Fax: (202) 408-4699
stoll@cohenmilstein.com
jreiser@cohenmilstein.com
dbunch@cohenmilstein.com

*Liaison Counsel for the Movants*

/s/ Jeffrey Block
Jeffrey C. Block (*pro hac vice* forthcoming)
Jacob A. Walker (*pro hac vice* forthcoming)
**BLOCK & LEVITON LLP**
260 Franklin Street, Suite 1860
Boston, MA 02110
Tel.: (617) 398-5600
Fax: (617) 507-6020
jeff@blockleviton.com
jake@blockleviton.com

*Counsel for the Movants and Proposed Lead Counsel for the Class*

5

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 24th day of June 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send notification to counsel of record.

/s/ Steven J. Toll
Steven J. Toll (Va. Bar No. 15300)
**COHEN MILSTEIN SELLERS
  & TOLL PLLC**
1100 New York Avenue NW, Suite 800
Washington, DC 20005
Tel.: (202) 408-4600
Fax: (202) 408-4699
stoll@cohenmilstein.com