IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| SEAN PRIEWE, individually and on behalf of all others similarly situated, | ) ) ) |
| *Plaintiff*, | ) ) ) 1:25-cv-623 (PTG/WEF) |
| v. | ) ) |
| BIGBEAR.AI HOLDINGS, INC., *et al.*, | ) ) ) |
| *Defendants*. | ) |

## ORDER

This matter is before the Court on multiple Motions to Appoint Lead Plaintiff and Approve Counsel. On June 10, 2025, six class members—Dr. Gabriel Zada, Jason Wamp, Mary Lou Caccavale, Michelle Luttig, and Yang Zeng and Ning Sun jointly—filed motions to be appointed as lead plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), and to approve counsel. Dkts. 18, 23, 26, 29, 31. On June 11, 2025, the Court ordered the parties to meet and confer to resolve the competing motions for appointment as lead plaintiff and ordered Defendants to file their opposition, if any, to the movants' motions. Dkt. 35. That same day, Gabriel Zada withdrew his motion. Dkt. 37. On June 16, 2025, Michelle Luttig filed a notice of non-opposition to competing motions for appointment as lead plaintiff. Dkt. 38. On June 20, 2025, Jason Wamp filed a notice of non-opposition. Dkt. 39. On June 24, 2025, Mary Lou Caccavale filed a notice of non-opposition. Dkt. 40. That same day, both Ning Sun and Yan Zeng filed a memorandum in support of their motion. Dkt. 41. For the reasons stated below, the Court will appoint Ning Sun and Yan Zeng as Lead Plaintiffs.

Under the PSLRA, the Court must appoint as lead plaintiff "the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). The PSLRA creates a rebuttable presumption that the most adequate plaintiff is one who (1) filed the complaint or moved for appointment as lead plaintiff; (2) "has the largest financial interest in the relief sought by the class; and (3) "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

To determine that a potential lead plaintiff satisfies the requirements of Rule 23, the Court "need only determine (i) whether the movant's 'claims or defenses . . . are typical of the claims or defenses of the class' and (ii) whether the movant 'will fairly and adequately protect the interests of the class.'" *In re MicroStrategy Inc. Sec. Litig.*, 110 F. Supp. 2d 427, 435 (E.D. Va. 2000) (quoting Fed. R. Civ. P. 23(a)(3)–(4)). Typicality requires that "a class representative must be part of the class and possess the same interest and suffer the same injury as the class members." *DeLuca v. Instadose Pharma Corp.*, No. 2:21-cv-675, 2022 WL 3020417, at *5 (E.D. Va. July 29, 2022) (quoting *Lienhart v. Dryvit Sys., Inc.*, 255 F.3d 138, 146 (4th Cir. 2001)). Adequacy requires that "the most adequate plaintiff (1) does not have interests that are adverse to the interests of the class, (2) has retained competent counsel, and (3) is competent to serve as class representative." *Id.* at *3.

Here, both Ms. Sun and Ms. Zeng satisfy the requirements of Rule 23. Both movants claim to have suffered $1,276,764.43 in joint losses, the largest financial loss claimed. Dkt. 41 at 2; Dkt. 30 at 2; *see also China Agritech v. Michael H. Resh*, 584 U.S. 732, 742 n.3 (2018) ("District courts often permit aggregation of plaintiffs into groups, so even a small shareholder could apply for lead-plaintiff status, hoping to join with other shareholders to create a unit with the largest financial

interest."). Furthermore, both Ms. Sun and Ms. Zeng's claims of Defendants' violations of the Securities Exchange Act of 1934 are substantially the same as other class members and arise out of the same events, thus meeting typicality. Dkt. 41 at 3. Both Ms. Sun and Ms. Zeng also satisfy the adequacy requirement of Rule 23 because their interests are "squarely aligned with the interests of other members of the class." *Id.* at 3. The two movants are sisters-in-law and have provided information about "the nature of their relationship and communications." *Id.* at 4; *see DeLuca*, 2022 WL 3020417, at *4 (stating courts consider "the ability of the group to work together" when finding a small group to be presumptively adequate lead plaintiffs); *Tchatchou v. India Globalization Cap., Inc.*, 2019 WL 1004591, at *7 (D. Md. Feb. 28, 2019) (giving weight to familial relationships and "experience making decisions as a unit" when determining a small group's adequacy to be lead plaintiffs). Accordingly, Ms. Sun and Ms. Zeng are the presumptive lead plaintiffs, and no party has offered proof to rebut this presumption. Therefore, the Court will appoint both Ning Sun and Yan Zeng as lead plaintiffs.

The Court "should approve plaintiff's choice of lead counsel based solely on that counsel's competence, experience, and resources." *In re Microstrategy*, 110 F. Supp. 2d at 438. Ms. Sun and Ms. Zeng selected the law firm Block & Leviton LLP as Lead Counsel. Dkt. 29. Based on the submitted declaration and exhibits on the proposed counsel, the Court finds that Block & Leviton LLC is "competent and experienced" in securities litigation and has the necessary resources to "serve effectively" as Lead Counsel. *In re Microstrategy*, 110 F. Supp. 2d at 440; *see* Dkt. 34 (Decl. of Steven J. Toll).

Accordingly, it is hereby

**ORDERED** that Ning Sun and Yan Zeng's motion (Dkt. 29) is **GRANTED**; it is further

**ORDERED** that Ning Sun and Yan Zeng are **APPOINTED** to serve as Lead Plaintiffs pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995; it is further

**ORDERED** that Ning Sun and Yan Zeng's selection of Lead Counsel is **APPROVED**, and Block & Leviton LLP is **APPOINTED** to serve as Lead Counsel; it is further

**ORDERED** that Ning Sun and Yan Zeng's selection of Cohen Milstein Sellers & Toll PLLC as Liaison Counsel is **APPROVED**; and it is further

**ORDERED** that the remaining pending motions for appointment of lead plaintiff and approval of counsel (Dkts. 23, 26, 31) are **DENIED**.

Entered this 11th day of July, 2025
Alexandria, Virginia

/s/
Patricia Tolliver Giles
United States District Judge