# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA
### ALEXANDRIA DIVISION

|  |  |
|---|---|
| SEAN PRIEWE, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>BIGBEAR.AI HOLDINGS, INC., LOUIS R. BROTHERS, AMANDA LONG, JOSHUA KINLEY, JULIE A. PEFFER, SEAN RICKER, and AE INDUSTRIAL PARTNERS, LP (F/K/A AE INDUSTRIAL PARTNERS, LLC),<br><br>Defendants. | Case No. 1:25-cv-00623-PTG-WEF<br><br>CLASS ACTION |

## DEFENDANT AE INDUSTRIAL PARTNERS, LP'S REQUEST FOR JUDICIAL NOTICE AND INCORPORATION BY REFERENCE IN SUPPORT OF MOTION TO DISMISS THE CONSOLIDATED CLASS ACTION COMPLAINT

MCDERMOTT WILL & SCHULTE LLP
Jonathan A. Henry, Esq. VA Bar #80467
500 North Capitol Street, NW
Washington, DC 20001
jhenry@mwe.com

Steven S. Scholes, Esq. (*admitted pro hac vice*)
444 West Lake Street, Suite 4000
Chicago, IL 60606
sscholes@mwe.com

Nathan M. Bull, Esq. (*admitted pro hac vice*)
333 SE 2nd Ave, Suite 4500
Miami, FL 33131
nbull@mwe.com

Timothy C. Cramton, Esq. (*admitted pro hac vice*)
One Vanderbilt Avenue
New York, NY 10017
tcramton@mwe.com

*Attorneys for Defendant AE Industrial Partners, LP*

**INTRODUCTION**

In connection with its concurrently filed Motion to Dismiss the Consolidated Class Action Complaint (the "Motion"), Defendant AE Industrial Partners, LP ("AE Industrial") respectfully request that the Court consider the following exhibits (the "Exhibits") in deciding AE Industrial's Motion. Each Exhibit is incorporated by reference into the Consolidated Class Action Complaint (ECF No. 54) (the "Complaint" or "AC"), and/or is otherwise properly subject to judicial notice. The Exhibits are attached to the accompanying Declaration of Jonathan A. Henry in Support of the Motion, as follows:

- **Exhibit 1** is a true and correct copy of Defendant BigBear.ai Holdings, Inc.'s ("BigBear") Schedule 14A Definitive Proxy Statement (Schedule 14A), which was filed with the United States Securities and Exchange Commission ("SEC") on April 29, 2025 and is publicly available on the SEC website at https://www.sec.gov/edgar.

- **Exhibit 2** is a true and correct copy of BigBear's Form 10-K for the year ended December 31, 2021, which was filed with the SEC on March 31, 2022 and is publicly available on the SEC website at https://www.sec.gov/edgar.

- **Exhibit 3** is a true and correct copy of BigBear's Amendment No. 1 to Form S-1 Registration Statement, which was filed with the SEC on December 27, 2021 and is publicly available on the SEC website at https://www.sec.gov/edgar.

- **Exhibit 4** is a true and correct copy of GigCapital4, Inc.'s Schedule 14A Definitive Proxy Statement relating to merger or acquisition, which was filed with the SEC on November 5, 2021 and is publicly available on the SEC website at https://www.sec.gov/edgar.

- **Exhibit 5** is a true and correct copy of BigBear's Form 10-Q for the period ended March 31, 2022, which was filed with the SEC on May 12, 2022 and is publicly available on the SEC website at https://www.sec.gov/edgar.

- **Exhibit 6** is a true and correct copy of BigBear's Form 10-Q for the period ended June 30, 2022, which was filed with the SEC on August 12, 2022 and is publicly available on the SEC website at https://www.sec.gov/edgar.

- **Exhibit 7** is a true and correct copy of BigBear's Form 10-Q for the period ended September 30, 2022, which was filed with the SEC on November 10, 2022 and is publicly available on the SEC website at https://www.sec.gov/edgar.

2

- **Exhibit 8** is a true and correct copy of BigBear's Form 10-K for the year ended December 31, 2022, which was filed with the SEC on March 31, 2023 and is publicly available on the SEC website at https://www.sec.gov/edgar.

- **Exhibit 9** is a true and correct copy of BigBear's Form 10-Q for the period ended March 31, 2023, which was filed with the SEC on May 15, 2023 and is publicly available on the SEC website at https://www.sec.gov/edgar.

- **Exhibit 10** is a true and correct copy of BigBear's Form 10-Q for the period ended June 30, 2023, which was filed with the SEC on August 10, 2023 and is publicly available on the SEC website at https://www.sec.gov/edgar.

- **Exhibit 11** is a true and correct copy of BigBear's Form 10-Q for the period ended September 30, 2023, which was filed with the SEC on November 9, 2023 and is publicly available on the SEC website at https://www.sec.gov/edgar.

- **Exhibit 12** is a true and correct copy of BigBear's Form 10-K for the year ended December 31, 2023, which was filed with the SEC on March 15, 2024 and is publicly available on the SEC website at https://www.sec.gov/edgar.

- **Exhibit 13** is a true and correct copy of BigBear's Form 10-Q for the period ended March 31, 2024, which was filed with the SEC on May 10, 2024 and is publicly available on the SEC website at https://www.sec.gov/edgar.

- **Exhibit 14** is a true and correct copy of BigBear's Form 10-Q for the period ended June 30, 2024, which was filed with the SEC on August 9, 2024 and is publicly available on the SEC website at https://www.sec.gov/edgar.

- **Exhibit 15** is a true and correct copy of BigBear's Form 10-Q for the period ended September 30, 2024, which was filed with the SEC on November 7, 2024 and is publicly available on the SEC website at https://www.sec.gov/edgar.

- **Exhibit 16** is a true and correct copy of BigBear's Form 8-K, which was filed with the SEC on March 18, 2025 and is publicly available on the SEC website at https://www.sec.gov/edgar.

- **Exhibit 17** is a true and correct copy of BigBear's Form 10-K for the year ended December 31, 2024, which was filed with the SEC on March 25, 2025 and is publicly available on the SEC website at https://www.sec.gov/edgar.

- **Exhibit 18** is a true and correct copy of a table reflecting the price of BigBear's common stock from January 1, 2025 to September 21, 2025, generated using publicly available daily stock price information published from Yahoo! Finance, available at https://finance.yahoo.com/quote/BBAI/history/?period1=17356896002eriod2=17584 12800uccounter=2.

This Court may properly take judicial notice of each Exhibit in considering the Motion. *First*, the Complaint directly cites and substantially relies on Exhibits 2, 5-6, and 8-17, and therefore incorporates each of them by reference. *Second*, all of these Exhibits, including those not referenced in the Complaint (*i.e.*, Exhibits 1, 3, 7, and 18), are properly subject to judicial notice under Federal Rule of Evidence 201(b). Each is a matter of public record and/or otherwise available in the public domain, and can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned.

## LEGAL STANDARD

On a motion to dismiss, the Court may consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Incorporation by reference allows the Court to consider "documents attached to the complaint," as well as documents attached "to the motion to dismiss, so long as they are integral to the complaint and authentic." *Sec'y of State For Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007). The Court may also take judicial notice of matters that are "not subject to reasonable dispute" because they are either "(1) generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). The Court may therefore properly consider "SEC filings, press releases, stock price tables, and other material on which the plaintiff's allegations necessarily rely . . . without converting a motion to dismiss into a motion for summary judgment." *Greenhouse v. MCG Cap. Corp.*, 392 F.3d 650, 655-57 n.4 (4th Cir. 2004).

**ARGUMENT**

**A.      The Court Should Take Judicial Notice of the Exhibits Referenced in the Complaint (Exhibits 2, 5-6, 8-17)**

As discussed above, the Court may consider "documents attached to the motion to dismiss, so long as they are integral to the complaint and authentic." *See Trimble Navigation Ltd.*, 484 F.3d at 705.  Exhibits 2, 5-6, and 8-17 clearly pass this test.

These Exhibits are documents that BigBear publicly filed with the SEC and form the basis of Plaintiffs' claims in the instant action.  They are repeatedly referenced and quoted throughout the Complaint, and are central to the claims and defenses at issue.  (*See, e.g.,* AC ¶¶ 4, 8, 14-15, 28, 41-45, 74-75, 78, 84, 91-94, 100, 106, 110, 114, 116, 124-134, 136, 138-44, 146, 148-155, 164, 175, 183, 190, 191, 196, and 199.)  Further, AE Industrial has provided the full text of each of these documents so the Court may properly consider the claims and defenses based on these documents in their full context.  *See Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.,* 367 F.3d 212, 234 (4th Cir. 2004).  Finally, there is no reason to question the authenticity of any of these documents, as Exhibits 2, 5-6, and 8-17 were filed with the SEC and are publicly available on the SEC's website.[1]

Because these Exhibits are incorporated by reference in the Complaint, are central to the claims and defenses at issue, and there is no reason to doubt or dispute their authenticity, the Court may (and should) consider them in on the instant Motion.

---

[1] Independently, the Court may take judicial notice of Exhibits 2, 5-6, and 8-17 because they are true and correct copies of BigBear's SEC filings, for reason sets forth in Section B below.

**B.     The Court Can Properly Take Judicial Notice of the Remaining Exhibits (Exhibits 1, 3-4, 7, and 18)**

The Court may also properly take judicial notice of Exhibits 1, 3-4, 7, and 18. These Exhibits are not only highly relevant, but also publicly available. They are "not subject to reasonable dispute," and "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

*First*, Exhibits 1, 3-4, and 7 are true and correct copies of BigBear's SEC filings. Courts take judicial notice of relevant SEC filings in securities cases like this one almost as a rule. *See In re PEC Solutions, Inc. Sec. Litig.*, 418 F.3d 379, 390 n.10 (4th Cir. 2005) (holding that courts may take judicial notice of documents publicly filed with the SEC); *Scott & Stringfellow, LLC v. AIG Com. Equip. Fin., Inc.*, 2011 WL 1348324, at *6 n.3 (E.D. Va. Apr. 8, 2011) ("A court may take judicial notice of SEC filings when ruling on a motion to dismiss."). These Exhibits also contain information and/or disclosures relating to the key issues in this case—including BigBear's internal controls and the accounting treatment of certain convertible notes. The Court should consider them here.

*Second*, Exhibit 18 is a true and correct copy of a table reflecting the price of BigBear's common stock from January 1, 2025 to September 19, 2025, generated using public information published daily online from Yahoo! Finance. *See In re Volkswagen AG Sec. Litig.*, 661 F. Supp. 3d 494, 510-11 (E.D. Va. 2023) ("We note that we, as well as the district court, may take judicial notice of published stock prices without converting a motion to dismiss into a motion for summary judgment.") (quoting *Greenhouse*, 392 F.3d at 655 n.4); *Knurr v. Orbital ATK Inc.*, 276 F. Supp. 3d 527, 532 (E.D. Va. 2017) ("Because the Fourth Circuit permits courts to take 'judicial notice of published stock prices without converting a motion to dismiss into a motion for summary

judgment,' it is also appropriate to consider the chart summarizing Orbital ATK's historical stock prices."); *Cent. Tel. Co. of Virginia v. Sprint Commc'ns Co. of Virginia*, 2011 WL 6178652, at *8 (E.D. Va. Dec. 12, 2011) ("The Court has discretion to take judicial notice of public stock prices and other public information related thereto.") (quoting *Greenhouse*, 392 F.3d at 655 n.4)).

The information reflected in Exhibit 18 is highly relevant to the claims and defenses at issue, as Plaintiffs themselves rely on the price of BigBear's common stock on certain dates reflected in Exhibit 18. (AC ¶¶ 29, 32, 93, 96-97, 101, 103, 159, 164.) Moreover, this information is a matter of public record and available in the public domain, and can be accurately and readily determined. As with the other Exhibits, the Court can (and should) take judicial notice of Exhibit 18.

## CONCLUSION

For the foregoing reasons, AE Industrial respectfully requests that the Court take judicial notice of Exhibits 1 through 18 in considering AE Industrial's Motion to Dismiss.

Dated: September 22, 2025

Respectfully submitted,

/s/ *Jonathan A. Henry*

Jonathan A. Henry, Esq. VA Bar #80467
McDermott Will & Schulte LLP
500 North Capitol Street, NW
Washington, DC 20001
Tel: (202)756-8994
Fax: (202) 747 2939
jhenry@mwe.com

Steven S. Scholes (*admitted pro hac vice*)
McDermott Will & Schulte LLP
444 West Lake Street, Suite 4000,
Chicago, IL 60606
Tel: (312) 984-7762
Fax: (312) 984-7700
sscholes@mwe.com

Nathan Bull (*admitted pro hac vice*)
McDermott Will & Schulte LLP
333 SE 2nd Avenue, Suite 4500
Miami, FL 33131
Tel: (305) 358-3500
Fax: (305) 347-6500
nbull@mwe.com

Timothy C. Cramton (*admitted pro hac vice*)
McDermott Will & Schulte LLP
One Vanderbilt Avenue
New York, NY 10017
Tel: (212) 547-5748
Fax: (212) 547-5444
tcramton@mwe.com

*Counsel for Defendant AE Industrial
Partners, LP*