**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| SEAN PRIEWE, Individually and on Behalf of All Others Similarly Situated,<br><br>       Plaintiff,<br><br>  v.<br><br>BIGBEAR.AI HOLDINGS, INC., LOUIS R. BROTHERS, AMANDA LONG, JOSHUA KINLEY, JULIE A. PEFFER, SEAN RICKER, and AE INDUSTRIAL PARTNERS, LP (F/K/A AE INDUSTRIAL PARTNERS, LLC),<br><br>       Defendants. | Case No. 1:25-cv-00623-PTG-WEF<br><br>Hon. Patricia Tolliver Giles |

**BIGBEAR DEFENDANTS' REQUEST FOR JUDICIAL NOTICE**
**AND INCORPORATION BY REFERENCE IN SUPPORT OF THEIR**
**MOTION TO DISMISS CONSOLIDATED CLASS ACTION COMPLAINT**

## I.      INTRODUCTION

Defendants BigBear.ai Holdings, Inc., Louis R. Brothers, Amanda Long, Joshua Kinley, Julie A. Peffer, and Sean Ricker (collectively, "BigBear Defendants"), through their undersigned counsel, respectfully request that the Court deem incorporated by reference and/or take judicial notice pursuant to Fed. R. Evid. 201 of facts and documents as set forth in their Motion to Dismiss Consolidated Class Action Complaint ("Motion to Dismiss") and the accompanying Declaration of Laura E. Bladow ("Bladow Decl."), filed concurrently herewith.  Each exhibit is incorporated by reference into the Consolidated Class Action Complaint for Violations of the Federal Securities Laws (Dkt. 54, "Complaint") and/or judicially noticeable pursuant to Fed. R. Evid. 201. Specifically, the BigBear Defendants seek to rely on sixteen documents that are each integral to, and therefore incorporated by reference in, the Complaint.  Those documents consist of BigBear's filings with the U.S. Securities and Exchange Commission ("SEC"), which contain statements that form the basis for Plaintiffs Ning Sun and Yang Zeng's ("Plaintiffs") securities fraud claims, and published accounting guidance on which Plaintiffs rely extensively in the Complaint. Additionally, each of those documents is suitable for judicial notice in the alternative, and Defendants also request that the Court take judicial notice of five additional documents consisting of accounting standards and guidance, which come from sources whose reliability cannot reasonably be questioned.

## II.     LEGAL STANDARD

In deciding a motion to dismiss, "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions" such as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).  These documents may properly be considered in resolving the motion to dismiss "without converting the

1

motion into one for summary judgment." *In re Volkswagen AG Sec. Litig.*, 661 F. Supp. 3d 494, 509 (E.D. Va. 2023).

Incorporation by reference permits parties and the Court to rely on "a document attached to a motion to dismiss . . . if the document was integral to the complaint and authentic." *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 164 (4th Cir. 2016) (quotation marks and citation omitted). This rule seeks to prevent plaintiffs from "maintain[ing] a claim of fraud by extracting an isolated statement from a document and placing it in the complaint, even though if the statement were examined in the full context of the document, it would be clear that the statement was not fraudulent." *Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004) (citation omitted); *see also Spar v. Celsion Corp.*, 2023 WL 2069725, at *5 n.2 (D.N.J. Feb. 6, 2023) ("[T]he primary purpose of the incorporation by reference doctrine is to provide courts with the full context of these isolated quotes . . . .").

In addition, facts that are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned" are also "properly subject to judicial notice under Fed. R. Evid. 201." *Katyle v. Penn Nat. Gaming, Inc.*, 637 F.3d 462, 466 (4th Cir. 2011).

## III.    ARGUMENT

### A.    Exhibits 2-17 Are Incorporated by Reference in the Complaint

Exhibits 2-17, which include BigBear's SEC filings, an earnings call transcript, and Accounting Standard Codification ("ASC") 815 issued by the Financial Accounting Standards Board ("FASB"), are incorporated by reference into the Complaint and may be considered in deciding the BigBear Defendants' Motion to Dismiss.

Exhibits 2-17 readily meet the standard for incorporation by reference as they are each "integral to the complaint and authentic." *Goines*, 822 F.3d at 164. Plaintiffs explicitly and extensively refer to and rely on each of these exhibits throughout the Complaint. For example,

2

Plaintiffs' securities fraud claims are based on allegations that statements from a number of these SEC filings and the earnings call were false and misleading, and statements from these filings are central to Plaintiffs' theory of fraud. *E.g.*, ¶¶ 4, 41-42, 45, 47, 74-75, 78, 93, 110-13 (citing Ex. 2); ¶¶ 14-15, 43-45, 47, 91, 94, 123-27 (citing Ex. 3); ¶¶ 16-18, 43-45, 47, 138-42 (citing Ex. 4); ¶¶ 43-44, 130-35 (citing Exs. 6-8); ¶¶ 19, 43-44, 99, 149-53, 182 (citing Exs. 9-11); ¶¶ 46, 72 (citing Ex. 12); ¶ 123 (citing Ex. 17). Plaintiffs also allege that statements in other SEC filings revealed the "truth" about BigBear's accounting practices for purposes of loss causation. *E.g.*, ¶¶ 30-31, 160-63 (citing Ex. 5); ¶¶ 28, 158 (citing Ex. 13); ¶¶ 28, 157 (citing Ex. 14). And Plaintiffs include extensive allegations about the content of ASC 815, *e.g.*, ¶¶ 9-12, 78-85 (Ex. 15), and the Accounting Standards Update ("ASU") No. 2020-06, ¶¶ 112, 118, 120 (Ex. 16); indeed their entire theory of fraud centers on BigBear's application—and Plaintiffs' own characterization—of those standards. Further, there can be no reasonable dispute about the authenticity of any of these documents. Exhibits 2-14 are SEC filings that are publicly available online on the SEC's website. *See* Bladow Decl. ¶¶ 3-15. Exhibit 15 consists of publicly available accounting standards published by the FASB, also readily available online. *See* Bladow Decl. ¶ 16. Exhibit 16 consists of ASU No. 2020-06 published by FASB and readily available online. *See* Bladow Decl. ¶ 17. And Exhibit 17 is the transcript of a public earnings call, also available online. *See* Bladow Decl. ¶ 18.

Accordingly, the BigBear Defendants respectfully request that the Court consider Exhibits 2-17 in resolving the Motion to Dismiss as incorporated by reference into the Complaint.

**B.    SEC Filings and Accounting Standards and Guidance Are Appropriately the Subject of Judicial Notice**

The judicial notice doctrine provides an independent basis on which the Court should consider Exhibits 2-17 and five additional documents in resolving the Motion to Dismiss, as each

are documents from sources whose veracity cannot reasonably be questioned, provide facts readily capable of accurate determination, and thus meet the requirements of Fed. R. Evid. 201.

### 1. The Court May Take Judicial Notice of SEC Filings and Earnings Call Transcripts

Exhibits 2-14 consist of SEC filings by BigBear from 2021 to 2025, including the Company's annual and quarterly reports (Forms 10-K and 10-Q), and current reports (Forms 8-K). Courts routinely take judicial notice of documents publicly filed with the SEC when ruling on a motion to dismiss. *See, e.g.*, *KBC Asset Mgmt. NV v. DXC Tech. Co.*, 19 F.4th 601, 607 (4th Cir. 2021) ("We may also take judicial notice of the content of relevant Securities and Exchange Commission ('SEC') filings and other publicly available documents included in the record."); *Yates v. Mun. Mortg. & Equity, LLC*, 744 F.3d 874, 881 (4th Cir. 2014) ("[W]e take judicial notice of the content of relevant SEC filings and other publicly available documents . . . ."); *In re PEC Sols., Inc. Sec. Litig.*, 418 F.3d 379, 390 n.10 (4th Cir. 2005) (taking judicial notice of "documents publicly filed by each Appellee with the SEC" in affirming the dismissal of a securities fraud complaint); *Plymouth Cnty. Ret. Sys. v. Evolent Health, Inc.*, 2021 WL 1439680, at *17 (E.D. Va. Mar. 24, 2021) ("[D]ocuments [that] were publicly filed with the United States Securities and Exchange Commission ('SEC') . . . may be considered by the Court in deciding the Motion to Dismiss."); *In re Marriott Int'l, Inc., Customer Data Sec. Breach Litig.*, 543 F. Supp. 3d 96, 123 n.4 (D. Md. 2021), *aff'd sub nom. In re Marriott Int'l, Inc.*, 31 F.4th 898 (4th Cir. 2022) (taking judicial notice of "SEC filings" because "they are public documents").

The Court may take judicial notice of these documents because they are publicly available documents, filed with a government agency, and Defendants do not seek notice of these exhibits for their truth, but rather to support what information Defendants disclosed to the market, and when, and the context of the challenged statements. *Tchatchou v. India Globalization Cap. Inc.*,

2021 WL 307415, at *5 (D. Md. Jan. 29, 2021) (taking judicial notice of SEC filings because "allegations of false statements must be analyzed in context").

For similar reasons, courts also routinely take "judicial notice of transcripts of companies' earnings calls" for the fact of what was disclosed to the market and when. *Frankfurt-Tr. Inv. Luxemburg AG v. United Techs. Corp.*, 336 F. Supp. 3d 196, 205 (S.D.N.Y. 2018), *aff'd sub nom. Kapitalforeningen Lægernes Inv. v. United Techs. Corp.*, 779 F. App'x 69 (2d Cir. 2019); *see, e.g.*, *Sneed v. AcelRx Pharms., Inc.*, 2022 WL 4544721, at *3 (N.D. Cal. Sept. 28, 2022) ("transcripts of earnings calls . . . are proper subjects of judicial notice"). Exhibit 17 is thus the proper subject of judicial notice as well.

Therefore, to the extent the Court does not believe Exhibits 2-14 and Exhibit 17 are incorporated by reference, they may still be judicially noticed.

### 2. The Court May Take Judicial Notice of Published Accounting Standards and Guidance

Exhibits 15, 16, and 18 consist of accounting standards and guidance about those standards, including ASC 815, published by the FASB (Ex. 15); Accounting Standards Update ("ASU") No. 2020-06 issued by FASB in August 2020 and discussing ASC 815 (Ex. 16); Auditing Standard No. 5 adopted by the Public Company Accounting Oversight Board ("PCAOB") in its Release No. 2007-005A (Ex. 18). Defendants also request the Court take judicial notice of guidance issued by the Big Four accounting firms about ASC 815 (linked at Bladow Decl. ¶¶ 20-23).

"Judicial notice is appropriate for accounting rules as they are capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned. Courts, therefore, regularly take judicial notice of published accounting standards." *Garcia v. J2 Glob., Inc.*, 2021 WL 1558331, at *10 (C.D. Cal. Mar. 5, 2021) (quotation marks, alterations, and citations omitted) (collecting cases). Courts apply this principle to accounting and auditing

5

standards published by both FASB and PCAOB, as both are sources whose accuracy cannot reasonably be questioned. *See, e.g.*, *Torres Advanced Enter. Sols. LLC v. Mid-Atl. Pros. Inc.*, 2013 WL 531215, at *5 (D. Md. Feb. 8, 2013) ("[T]this Court takes judicial notice under Fed R. Evid. 2011 that the Financial Accounting Standards Board ('FASB'), an SEC-approved organization designated to establish standards for financial accounting in the private sector, has a voluminous standard for dealing with goodwill in order to calculate its value on a balance sheet."); *Garcia*, 2021 WL 1558331, at *10 (taking judicial notice of FASB standards); *Mostajo v. Nationwide Mut. Ins. Co.*, 2019 WL 1298990, at *1 n.1 (E.D. Cal. Mar. 21, 2019) ("FASB standards are proper subjects for judicial notice"); *In re Diamond Foods, Inc., Sec. Litig.*, 2012 WL 6000923, at *17 (N.D. Cal. Nov. 30, 2012) (taking judicial notice of "PCAOB accounting standards"); *Brinker v. Axos Bank*, 2023 WL 7167851, at *3-4 (S.D. Cal. Oct. 31, 2023) (taking notice of PCAOB accounting standards including same Release No. 2007-005A contained in Exhibit 18). The Court should therefore take judicial notice of the published accounting standards in Exhibits 15, 16, and 18.

Finally, Defendants request the Court take judicial notice of accounting guidance issued by the "Big Four" accounting firms (Ernst & Young, KPMG, PwC, and Deloitte), which are publicly available. *See* Bladow Decl. ¶¶ 20-23. BigBear Defendants request the Court take judicial notice of these documents, not for the truth of the guidance promulgated therein, but for their "existence and contents." *Williams v. Basic Contracting Servs., Inc.*, 2009 WL 3756943, at *1 n.1 (S.D.W. Va. Nov. 9, 2009); *United States ex rel. Sheldon v. Forest Lab'ys, LLC*, 754 F. Supp. 3d 615, 640 (D. Md. 2024) (taking judicial notice of public documents for "existence and contents," i.e., "the fact that certain statements were made in a document"). Courts may appropriately take judicial notice of the existence and contents of publicly available accounting

guidance. *See In re Baxter Int'l Inc. Sec. Litig.*, 2021 WL 100457, at *1 n.2 (N.D. Ill. Jan. 12, 2021) (determining that a "foreign currency guide from PricewaterhouseCoopers" is judicially noticeable in the context of securities fraud litigation because "it is publicly available online"); *Lopez v. Bank of Am., N.A.*, 505 F. Supp. 3d 961, 969–70 (N.D. Cal. 2020) (taking judicial notice of "two reports issued by the American Institute of Certified Public Accountants' ('AICPA') Center for Plain English Accounting"); *Osage Tribe of Indians of Okla. v. United States*, 95 Fed. Cl. 469, 473 (2010) (recognizing that a court may take "judicial notice of explanations in accounting texts"); *Urbanek v. United States*, 731 F.2d 870, 873 (Fed. Cir. 1984) (taking judicial notice of accounting handbooks).

## IV.   CONCLUSION

For these reasons, the exhibits and documents discussed herein should be deemed incorporated by reference into the Complaint and/or judicially noticed, and therefore considered in resolving the Motion to Dismiss.

Dated: September 22, 2025

Respectfully submitted,

**LATHAM & WATKINS LLP**

/s/ *Laura E. Bladow*
Laura E. Bladow (VA Bar 93395)
Stephen T. Nasko (*pro hac vice*)
555 Eleventh Street, NW Suite 1000
Washington, DC 20004
Tel: (202) 637-2200
Fax: (202) 637-2201
laura.bladow@lw.com
stephen.nasko@lw.com

Colleen C. Smith (*pro hac vice*)
Katherine E. Bruce (*pro hac vice*)
12670 High Bluff Drive
San Diego, CA 92130
Tel.: (858) 523-5400
Fax: (858) 523-5450
colleen.smith@lw.com
kathy.bruce@lw.com

Jordan D. Cook (*pro hac vice*)
650 Town Center Drive
Costa Mesa, CA 92626
Tel: (714) 540-1235
Fax: (714) 755-8290
jordan.cook@lw.com

*Counsel to BigBear.ai Holdings, Inc., Louis R. Brothers, Amanda Long, Joshua Kinley, Julie A. Peffer, and Sean Ricker*

8

**CERTIFICATE OF SERVICE**

I hereby certify that on this 22nd day of September, 2025, I electronically filed the foregoing Request for Judicial Notice with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to all registered users.

/s/ Laura E. Bladow
Laura E. Bladow