**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

| | |
|---|---|
| SEAN PRIEWE, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>BIGBEAR.AI HOLDINGS, INC., LOUIS R. BROTHERS, AMANDA LONG, JOSHUA KINLEY, JULIE A. PEFFER, SEAN RICKER, and AE INDUSTRIAL PARTNERS, LP (f/k/a AE INDUSTRIAL PARTNERS, LLC),<br><br>Defendants. | Case No. 1:25-cv-00623-PTG-WEF<br><br><u>CLASS ACTION</u> |

**PLAINTIFFS' OPPOSITION TO THE BIGBEAR AND AE DEFENDANTS' REQUESTS FOR JUDICIAL NOTICE AND INCORPORATION BY REFERENCE**

**TABLE OF CONTENTS**

I.     INTRODUCTION ................................................................................................ 1

II.    LEGAL STANDARD ......................................................................................... 2

III.   ARGUMENT ..................................................................................................... 3

    A.   The BigBear Defendants' Exhibits 15, 16, and 18, and the Bladow Declaration Citations in ¶¶20-23 Are Not Properly Subject to Incorporation-by-Reference or Judicial Notice . 3

    B.   Plaintiffs Do Not Oppose Judicial Notice or Incorporation by Reference of the BigBear Defendants' Exhibits 1-14 and 17, and AE's Exhibits 1-18, Provided They Are Not Considered for the Truth of Matters Stated Therein ......................................................... 6

    C.   If the Court Considers the Disputed Documents, It Should Convert Defendants' Motion to Dismiss into a Motion for Summary Judgment and Permit Discovery ........................ 8

IV.   CONCLUSION ................................................................................................. 8

## I.    INTRODUCTION

The BigBear and AE Defendants each introduce different extrinsic documents to improperly dispute Plaintiffs' well-pled allegations. The BigBear Defendants have also cited public sources with questionable reliability that are not included as exhibits. Ultimately, Defendants misconstrue the procedures of judicial notice and incorporation by reference as broad licenses to step outside the ordinary rule that in "considering a motion to dismiss, the Court accepts the plaintiff's well-pleaded allegations in the complaint as true and views the facts in the light most favorable to the plaintiff." *In re James River Grp. Holdings, Ltd. Sec. Litig.*, 2023 WL 5538218, at *5 (E.D. Va. Aug. 28, 2023) (citing *Mylan Lab'ys, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)).

Plaintiffs oppose the BigBear Defendants' requests for judicial notice and incorporation by reference, ECF No. 77, with respect to (i) the BigBear Defendants' Exhibits 15-16 and 18; and (ii) the citations listed in ¶¶20-23 of the Bladow Declaration, ECF No. 76-1. These documents are not incorporated by reference in the Complaint, are improper subjects of judicial notice, and have been improperly introduced to contest the well-pled allegations of the Consolidated Complaint ("CC"). Plaintiffs do not dispute that the BigBear Defendants' Exhibits 1-14 and 17, and AE's Exhibits 1-18, may be considered as either incorporated by reference or as judicially noticeable for their existence, with the inherent limitation that the contents of these documents may not be noticed for the truth of the matters asserted therein or to dispute factual allegations. If the Court chooses to consider the disputed exhibits, Plaintiffs request that Defendants' motions to dismiss be converted into motions for summary judgment under Fed. R. Civ. P. 12(d), and the parties be given a full and fair opportunity to engage in discovery.

## II.    LEGAL STANDARD

Generally, when a defendant moves to dismiss a complaint under Rule 12(b)(6), courts are limited to considering the sufficiency of allegations set forth in the complaint and the "documents attached or incorporated into the complaint." *Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597, 606 (4th Cir. 2015) (citing *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 448 (4th Cir. 2011)); *Clatterbuck v. City of Charlottesville*, 708 F.3d 549, 557 (4th Cir. 2013)). Consideration of extrinsic documents by a court during the pleading stage of litigation converts the motion to dismiss into a motion for summary judgment, which is inappropriate "when the parties have not had an opportunity to conduct reasonable discovery." *Id.* (citing *E.I. du Pont*, 637 F.3d at 448; Fed. R. Civ. P. 12(b), 12(d), and (56).

"Courts therefore should focus their inquiry on the sufficiency of the facts relied upon by the plaintiffs in the complaint." *Id.* at 606-07 (citing *Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004)). Consideration of a document attached to a motion to dismiss ordinarily is permitted only when the document is "integral to and explicitly relied on in the complaint," and when "the plaintiffs do not challenge [the document's] authenticity." *Id.* (quoting *Phillips v. LCI Int'l Inc.*, 190 F.3d 609, 618 (4th Cir.1999)).

The Fourth Circuit has recognized a "narrow exception to this standard," under which courts are permitted to consider facts and documents subject to judicial notice without converting the motion to dismiss into one for summary judgment. *Id.* (citing *Clatterbuck*, 708 F.3d at 557). Under Federal Rule of Evidence 201, courts may "judicially notice a fact that is not subject to reasonable dispute," provided that the fact is "generally known within the court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Id.* "Nevertheless, when a court considers relevant facts from the public

2

record at the pleading stage, the court must construe such facts in the light most favorable to the plaintiffs." *Id.* Moreover, the determination whether a fact properly is considered under this exception depends on the way the information is used. *Id.* (citing *Clatterbuck*, 708 F.3d at 557 (contents of a public record cannot be considered as evidence contradicting the complaint)).

## III.    ARGUMENT

### A.    The BigBear Defendants' Exhibits 15, 16, and 18, and the Bladow Declaration Citations in ¶¶20-23 Are Not Properly Subject to Incorporation-by-Reference or Judicial Notice

The BigBear Defendants' argument that their **Exhibits 15 and 16** (the FASB accounting standards and ASU No. 2020-06) are incorporated wholesale in the Complaint is incorrect. Unlike BigBear's SEC filings, neither ASC 815 nor ASU 2020 is "integral to the complaint" because Defendants' liability under the Exchange Act is not "based on, nor does it otherwise turn on" these sources. *Kumar v. Republic of Sudan*, 2019 WL 13251350, at *9 (E.D. Va. July 31, 2019) (citing *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016)). Rather, the relevant "linchpin" of Defendants' liability is their admission that incorrectly applying the Scope Exception to the 2026 Notes "result[ed] in a material misstatement" from 2022 through 2024. *Id.*; ¶¶157, 161. No part of ASC 815 or ASU 2020 negates Defendants' own admission. While they may contain "relevant evidence," this is "not enough to incorporate those documents, wholesale, into the complaint." *Goines*, 822 F.3d at 166.

Even if they were incorporated wholesale into the Complaint, it is "improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1003 (9th Cir. 2018). Likewise, a "court cannot take judicial notice of disputed facts[.]" *Id.; Tchatchou v. India Globalization Cap. Inc.*, 2021 WL 307415, at *5 (D. Md. Jan. 29, 2021). But this is exactly how

the BigBear Defendants use the exhibits in their motion. *See* ECF No. 76, at 4-5, 10 ("In sum, then, the Scope Exception would apply, and convertible notes would *not* be subject to separate accounting."); *id.* at 10 (referencing certain "judgments" required by ASU 2020). Not only do these arguments seek to impermissibly contradict the CC's allegations, they also misconstrue both ASC 815 and ASU 2020, as Plaintiffs explain in their opposition.

First, the BigBear Defendants' argument that the Scope Exception could have been applied to the 2026 Notes is baseless and only serves to directly contradict Plaintiffs' well-pled allegations. Defendants admitted that the Company and its auditor, Grant Thornton, "reevaluated the accounting presentation of the Company's convertible notes due in 2026…, specifically the accounting for the embedded conversion option" and determined the need to "change i[ts] position on the interpretation and application of the accounting guidance" because the prior presentation was wrong. ¶157. As a result, "the Company will need to restate its audited consolidated financial statements for the fiscal years ended December 31, 2022 and 2023 and the interim unaudited consolidated financial statements for each quarterly period in 2023 and 2024…." *Id.* And the Company further revealed a new material weakness in internal controls over financial reporting: the failure to "consistently execute our technical accounting review policies." ¶161. This caused the "material misstatement to the consolidated financial statements." *Id.* Restatements are only necessary "to correct material accounting errors that existed at the time the statements were originally issued." *Fresno Cnty. Emps.' Ret. Ass'n v. comScore, Inc.*, 268 F. Supp. 3d 526, 544 (S.D.N.Y. 2017). So Defendants' assertion that the Scope Exception could have applied is tantamount to arguing BigBear's accounting for the 2026 Notes was not wrong—it did not need to restate financials. But, the accounting was wrong and BigBear did have to restate those results.

Second, Defendants' argument that the accounting judgment was "complex" misconstrues

the CC's allegations that the application of ASC 815-40-15 was straightforward under these circumstances. Rather than following the default rule, Defendants deemed the conversion option "fixed-for-fixed" (which it clearly was not) to avoid the complex valuations required by bifurcation. ¶168. Declining to bifurcate the conversion option as required by ASC 815-40-15 allowed Defendants to avoid a costly and complex quarterly analysis requiring additional accounting resources, and it also had the added benefit of greatly understating the Company's debt and losses. ¶¶31, 85. Defendants' use of Exhibit 16 and the online documents identified in ¶¶20-23 of the Bladow Declaration, improperly attempt to refute the CC's well-pled allegations that application of ASC 815-40-15 was straightforward under the circumstances.[1]

For the same reasons, the doctrine of judicial notice also does not extend to the BigBear Defendants' proposed use of **Exhibit 18** (PCAOB's Release No. 2007-005A dated June 12, 2007, adopting PCAOB's Auditing Standard No. 5), ECF No. 76-19. Exhibit 18 is not cited anywhere in the CC and is irrelevant to Plaintiffs' claims. Defendants argue that BigBear's definition of "material weakness" aligns with PCAOB's definition and is distinct from other types of deficiencies, but this does not directly address Plaintiffs' allegations. Regardless of whether "other types of deficiencies" were present, FE 4 confirmed that BigBear's Audit Committee (including Defendants Long, Peffer, and Ricker) was "apprised and informed during 2024 that BigBear continued to have material weaknesses over internal controls." ¶62. FE 4 also observed that deficiencies in documentation and testing often accumulated into material weaknesses. ¶61.

Defendants declined to directly respond to these specific facts, but their use of ASU 2020 should likewise be disregarded as an attempt to "contradict well-pleaded allegations in the

---

[1] Even so, that ASC 815 has various subparts and accounting firms have marketed their services by publishing articles on ASC 815 does little to contradict the CC's allegations or otherwise suggest that Defendants had a reasonable basis to mis-apply the derivative Scope Exception.

complaint." *Tchatchou*, 2021 WL 307415, at *5 (D. Md. Jan. 29, 2021) (citing *Khoja*, 899 F.3d at 1014); *see also Baron v. Hyrecar Inc.*, 2022 WL 17413562, at *5 (C.D. Cal. Dec. 5, 2022) (declining to take judicial notice of PCAOB auditing standards, stating that "whether accounting practices are consistent with GAAP is question of fact" and accordingly, "taking judicial notice of Exhibit 14 to resolve disputed factual issues of GAAP compliance would be improper.").

In addition to improperly using the citations to make factual arguments, Defendants do not adequately provide the Court with the sources identified in ¶¶20-23 of the Bladow Declaration. They are not attached to the motion as exhibits, and clicking on the links listed in the Bladow Declaration led to error messages. They are also not sources "whose accuracy cannot reasonably be questioned," which is enough to render judicial notice inappropriate. Fed. R. Evid. 201(b)(1)-(2). Each of the sources listed are purportedly accounting guides or commentary published by private accounting firms, which are not proven to be accurate and include their own interpretation of accounting rules. *See Hyrecar*, 2022 WL 17413562, at *6 (citing *Stamas v. Cnty. of Madera*, 2010 WL 2556560, at *3 (E.D. Cal. June 21, 2010) (noting courts "may not take judicial notice of the interpretation of the facts contained in [judicially noticeable] records")).

Accordingly, because they lack any relevance if used for their stated purposes, and because the BigBear Defendants in fact use them for purposes that are improper under controlling law, the Court should decline the BigBear Defendants' proposed use of Exhibits 15, 16, and 18, and ¶¶20-23 of the Bladow Declaration.

**B.      Plaintiffs Do Not Oppose Judicial Notice or Incorporation by Reference of the BigBear Defendants' Exhibits 1-14 and 17, and AE's Exhibits 1-18, Provided They Are Not Considered for the Truth of Matters Stated Therein**

Plaintiffs do not oppose the Court's consideration of the **BigBear Defendants' Exhibits 1-14 and 17**, and **AE's Exhibits 2, 5-6, and 8-17**, under the doctrine of incorporation by reference.

6

Nor do Plaintiffs oppose consideration of **AE's Exhibits 1, 3, 7, and 18** (BigBear's Schedule 14A Proxy Statement, BigBear's Amendment No. 1 to Form S-1 Registration Statement, BigBear's Form 10-Q for the period ended September 30, 2022 and BigBear's stock price chart), which are not referenced in the Complaint, under the doctrine of judicial notice. But such consideration must be limited to the fact that the documents were published and should not include the truth of matters asserted within them. *Tchatchou*, 2021 WL 307415, at *5 (D. Md. Jan. 29, 2021).

The BigBear Defendants assert that they "do not seek notice of these exhibits for their truth," but also inexplicably state that the exhibits "support what information Defendants disclosed to the market, and when, and the context of the challenged statements." ECF No. 77, at 4. The BigBear Defendants cite *Tchatchou*, but that case involved arguments that certain reports were not "disclosures" but merely negative opinions, and the court denied the motion to dismiss because plaintiffs "have alleged detailed facts to support their theory of loss causation, and their theory is not facially implausible." 2021 WL 307415, at *10. Defendants do not make the same argument here (and do not even challenge loss causation, which necessarily turns on public facts), and it is also clear from BigBear's SEC filings that the rationale behind their accounting treatment of the 2026 Notes, including their use of the Scope Exception, was not previously disclosed to investors.

AE also uses its Exhibits 2-7 for the purported facts contained therein (that the accounting treatment of the 2026 Notes and internal controls issues were disclosed), but Circuit precedent forecloses that purpose. *See Clatterbuck*, 708 F.3d at 557 (holding that the district court improperly considered contents of a public record as an established fact and as evidence contradicting the complaint). Even if they are considered, the exhibits do not show that those issues were disclosed to investors. In addition, AE's Exhibit 18 purportedly shows that BigBear's share price "quickly" recovered from a price decline, but this likewise does not undermine Plaintiffs' allegations.

Plaintiffs therefore oppose the use of these documents to the extent Defendants seek to introduce any exhibit "to contradict well-pleaded allegations in the complaint." *Tchatchou*, 2021 WL 307415, at *5 ("When a court takes judicial notice of a public record, it takes notice that the record exists, or that it was filed with the agency, or that the information was publicly available."); *see also In re Am. Apparel, Inc. Shareholder Litig.*, 855 F. Supp. 2d 1043, 1062 n.143 (C.D. Cal. 2012) ("The court takes judicial notice of only of the existence and contents of the SEC filings, not the truth of information contained in them.").

### C. If the Court Considers the Disputed Documents, It Should Convert Defendants' Motion to Dismiss into a Motion for Summary Judgment and Permit Discovery

Should the Court choose to consider the contested extrinsic materials, or disputed facts in any extrinsic document, the proper procedure would be to convert Defendants' 12(b)(6) motions into motions for summary judgment and permit discovery. Fed. R. Civ. P. 12(d) provides: "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Under such circumstances, "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." *Id.* Otherwise, accepting the disputed materials and converting the motions to dismiss into motions for summary judgment would be inappropriate because "the parties have not had an opportunity to conduct reasonable discovery." *Chelsea Therapeutics*, 780 F.3d at 606.

### IV. CONCLUSION

Plaintiffs respectfully request that the Court deny Defendants' requests with respect to the BigBear Defendants' Exhibits 15, 16, and 18, ¶¶20-23 of the Bladow Declaration, and to the extent Defendants ask the Court to accept the truth of matters asserted in the remaining exhibits. In the

8

alternative, Plaintiffs request that the Court convert the motions to dismiss into motions for summary judgment and permit the parties to take discovery.

Dated: October 22, 2025

Respectfully submitted,

/s/ Steven J. Toll
Steven J. Toll (Va. Bar No. 15300)
Julie Goldsmith Reiser
S. Douglas Bunch
**COHEN MILSTEIN SELLERS**
  **& TOLL PLLC**
110 New York Avenue NW, Suite 800
Washington, DC 20005
Tel.: (202) 408-4600
Fax: (202) 408-4699
stoll@cohenmilstein.com
jreiser@cohenmilstein.com
dbunch@cohenmilstein.com

*Liaison Counsel for Lead Plaintiffs*

/s/ Jeffrey C. Block
Jeffrey C. Block (*pro hac vice* forthcoming)
Jacob A. Walker (*pro hac vice* forthcoming)
Sarah E. Delaney (*pro hac vice* forthcoming)
Michael D. Gaines (*pro hac vice* forthcoming)
**BLOCK & LEVITON LLP**
260 Franklin St., Suite 1860
Boston, MA 02110
Tel.: (617) 398-5600
Fax: (617) 507-6020
jeff@blockleviton.com
jake@blockleviton.com
sarah@blockleviton.com
michael@blockleviton.com

*Lead Counsel for Lead Plaintiffs Ning Sun and Yang Zen and Lead Counsel for the Putative Class*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 22nd day of October 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

Dated: October 22, 2025

*/s/ Steven J. Toll*
Steven J. Toll (VA Bar No. 15300)
**COHEN MILSTEIN SELLERS
 & TOLL PLLC**
1100 New York Avenue NW, Suite 800
Washington, DC 20005
Tel.: (202) 408-4600
Fax: (202) 408-4699
stoll@cohenmilstein.com