**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| SEAN PRIEWE, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> BIGBEAR.AI HOLDINGS, INC., LOUIS R. BROTHERS, AMANDA LONG, JOSHUA KINLEY, JULIE A. PEFFER, SEAN RICKER, and AE INDUSTRIAL PARTNERS, LP (F/K/A AE INDUSTRIAL PARTNERS, LLC), <br><br> Defendants. | Case No. 1:25-cv-00623-PTG-WEF <br><br> <u>CLASS ACTION</u> |

**SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE AND INCORPORATION**
**BY REFERENCE IN FURTHER SUPPORT MOTION TO DISMISS THE**
<u>**CONSOLIDATED CLASS ACTION COMPLAINT**</u>

MᴄDᴇʀᴍᴏᴛᴛ Wɪʟʟ & Sᴄʜᴜʟᴛᴇ LLP
Jonathan A. Henry, Esq. VA Bar #80467
500 North Capitol Street, NW
Washington, DC 20001
jhenry@mwe.com

Steven S. Scholes, Esq. (*admitted pro hac vice*)
444 West Lake Street, Suite 4000
Chicago, IL 60606
sscholes@mwe.com

Nathan M. Bull, Esq. (*admitted pro hac vice*)
333 SE 2nd Ave, Suite 4500
Miami, FL 33131
nbull@mwe.com

Timothy C. Cramton, Esq. (*admitted pro hac vice*)
One Vanderbilt Avenue
New York, NY 10017
tcramton@mwe.com

*Attorneys for Defendant AE Industrial Partners, LP*

**INTRODUCTION**

In connection with its concurrently filed Reply Memorandum of Law in Further Support of its Motion to Dismiss Plaintiffs' Consolidated Class Action Complaint (the "Reply"), Defendant AE Industrial Partners, LP ("AE Industrial") respectfully request that the Court consider the following supplemental exhibits (the "Exhibits") in reviewing AE Industrial's Reply and the other papers and pleadings on its Motion to Dismiss. Each Exhibit is incorporated by reference into the Consolidated Class Action Complaint (ECF No. 54) (the "Complaint" or "AC"), and/or is otherwise properly subject to judicial notice.  The Exhibits are attached to the accompanying Supplemental Declaration of Jonathan A. Henry in Further Support of AE Industrial's Motion to Dismiss the Complaint, as follows:

- **Supplemental Exhibit 1** is a true and correct copy of the Form 4 that BBAI Ultimate Holdings, LLC ("BBAI Ultimate") and other related beneficial owners filed with the United States Securities and Exchange Commission ("SEC") on December 20, 2024 in connection with the sale of BigBear.AI Holdings, Inc. common stock on December 19, 2024, and is publicly available on the SEC website at https://www.sec.gov/edgar.

- **Supplemental Exhibit 2** is a true and correct copy of the Rule 10b501 Sales Plan, Client Representations, and Sales Instructions that BBAI Ultimate entered into as of May 7, 2024.

This Court may properly take judicial notice of each Supplemental Exhibit in considering AE Industrial's Motion and Reply.  *First*, the Complaint directly cites and substantially relies on both Exhibits, and therefore incorporates each of them by reference. *Second*, both Exhibits are properly subject to judicial notice under Federal Rule of Evidence 201(b).

**LEGAL STANDARD**

On a motion to dismiss, the Court may consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).  Incorporation by reference allows the

Court to consider "documents attached to the complaint," as well as documents attached "to the motion to dismiss, so long as they are integral to the complaint and authentic." *Sec'y of State For Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007). The Court may also take judicial notice of matters that are "not subject to reasonable dispute" because they are either "(1) generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). The Court may therefore properly consider "SEC filings, press releases, stock price tables, and other material on which the plaintiff's allegations necessarily rely…without converting a motion to dismiss into a motion for summary judgment." *Greenhouse v. MCG Cap. Corp.*, 392 F.3d 650, 655-57 n.4 (4th Cir. 2004).

## ARGUMENT

As discussed above, the Court may consider "documents attached to the motion to dismiss, so long as they are integral to the complaint and authentic." *See Trimble Navigation Ltd.*, 484 F.3d at 705. Both Exhibits pass this test.

*First*, both Exhibits are documents that form the basis of Plaintiffs' claims in the instant action. Both are cited and referenced throughout the Complaint and in Plaintiffs' Opposition to AE Industrial's Motion to Dismiss ("Opp."), and are thus central to the claims and defenses at issue. (*See* AC ¶¶ 98-100 n.4, 181-82, 184 n.6; Opp. at 1, 8-9, 13-14, 20 n.10, 24-25, 28 n.17, 29-30.) Plaintiffs also did not oppose the Court's consideration of similar exhibits attached to the Declaration of Jonathan A. Henry in Support of AE Industrial's Motion (ECF No. 71 & 71-1–71-18). *See* Plaintiffs' Opposition to the BigBear and AE Defendants' Requests for Judicial Notice and Incorporation by Reference (ECF No. 87) at 1 ("Plaintiffs do not dispute that the BigBear Defendants' Exhibits 1-14 and 17, and AE's Exhibits 1-18, may be considered as either

incorporated by reference or as judicially noticeable for their existence") and at 6-7 ("Plaintiffs do not oppose the Court's consideration of…**AE's Exhibits 2, 5-6, and 8-17**, under the doctrine of incorporation by reference.")). Further, AE Industrial has provided the full text of each Exhibit so the Court may properly consider the claims and defenses based on these documents in their full context. *See Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.,* 367 F.3d 212, 234 (4th Cir. 2004).

*Second*, there is no reason to doubt the authenticity of either Exhibit. As a public filing with the SEC, Supplemental Exhibit 1 is "not subject to reasonable dispute," and "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Courts take judicial notice of relevant SEC filings in securities cases like this one almost as a rule. *See In re PEC Solutions, Inc. Sec. Litig*., 418 F.3d 379, 390 n.10 (4th Cir. 2005) (holding that courts may take judicial notice of documents publicly filed with the SEC); *Scott & Stringfellow, LLC v. AIG Com. Equip. Fin., Inc*., 2011 WL 1348324, at *6 n.3 (E.D. Va. Apr. 8, 2011) ("A court may take judicial notice of SEC filings when ruling on a motion to dismiss.").

Nor is there any reason to doubt the authenticity of Supplemental Exhibit 2, which is the Rule 10b5-1 Trading Plan pursuant to which the stock sales reflected in Supplemental Exhibit 1 were made, and Supplemental Exhibit 2 refers specifically to this Trading Plan in Footnote 1. Supplemental Exhibit 2 also  contains digital certifications of completion, record tracking, and timestamps on its DocuSign signature page from which its authenticity can be accurately and readily determined.

## CONCLUSION

For the foregoing reasons, AE Industrial respectfully requests that the Court take judicial notice of Supplemental Exhibit 1 and Supplemental Exhibit 2 in connection with AE Industrial's Reply in further support of its Motion to Dismiss.

Dated: November 6, 2025                    Respectfully submitted,


                                           /s/ *Jonathan A. Henry*
                                           Jonathan A. Henry, Esq. VA Bar #80467
                                           500 North Capitol Street, NW
                                           Washington, DC 20001
                                           Tel: (202)756-8994
                                           Fax: (202) 747 2939
                                           jhenry@mwe.com

                                           Steven S. Scholes (*admitted pro hac vice*)
                                           444 West Lake Street, Suite 4000,
                                           Chicago, IL 60606
                                           Tel: (312) 984-7762
                                           Fax: (312) 984-7700
                                           sscholes@mwe.com

                                           Nathan Bull (*admitted pro hac vice*)
                                           333 SE 2nd Avenue, Suite 4500
                                           Miami, FL 33131
                                           Tel: (305) 358-3500
                                           Fax: (305) 347-6500
                                           nbull@mwe.com

                                           Timothy C. Cramton (*admitted pro hac vice*)
                                           One Vanderbilt Avenue
                                           New York, NY 10017
                                           Tel: (212) 547-5748
                                           Fax: (212) 547-5444
                                           tcramton@mwe.com

                                           *Counsel for Defendant AE Industrial*
                                           *Partners, LP*

5