**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| SEAN PRIEWE, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>BIGBEAR.AI HOLDINGS, INC., LOUIS R. BROTHERS, AMANDA LONG, JOSHUA KINLEY, JULIE A. PEFFER, SEAN RICKER, and AE INDUSTRIAL PARTNERS, LP (F/K/A AE INDUSTRIAL PARTNERS, LLC),<br><br>　　　　　　　　　　Defendants. | Case No. 1:25-cv-00623-PTG-WEF<br><br>Hon. Patricia Tolliver Giles |

**BIGBEAR DEFENDANTS' REPLY IN SUPPORT OF THEIR**
**REQUEST FOR JUDICIAL NOTICE AND INCORPORATION BY REFERENCE**

## I.   INTRODUCTION

Plaintiffs agree that the majority of the BigBear Defendants' proposed Exhibits are properly incorporated by reference into the Complaint or judicially noticeable.[1]  Plaintiffs do not agree, however, that documents forming the very basis for their claims—including Exhibit 15, the full text of ASC 815—can be considered in evaluating Defendants' Motion to Dismiss.  But ASC 815, which is cited at least 29 times in the Complaint, is the premise of their theory of fraud: Plaintiffs allege that "ASC 815-40-15-7D provides for a clear rule," which the BigBear Defendants allegedly violated when accounting for the 2026 Notes.  *See, e.g.*, ¶ 10.  The Complaint similarly relies on Exhibit 16, the FASB-issued ASU 2020-06, as the basis for the falsity of one of the challenged statements.  Despite Plaintiffs' reliance on these accounting standards, their opposition to Defendants' request for judicial notice and incorporation by reference urges the Court not to consider them, arguing in part that ASC 815 is not "integral to the complaint because Defendants' liability under the Exchange Act is not based on, nor does it otherwise turn on these sources."  RJN Opp. at 3 (citation and quotations omitted).  Not only is this argument not credible, but this cherry-picking is precisely what incorporation by reference is designed to protect against—Plaintiffs cannot selectively excerpt a document that is helpful to their case while at the same time preventing Defendants from using that document in support of theirs.  *See Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004) (incorporation by reference aims to prevent a plaintiff from "maintain[ing] a claim of fraud by extracting an isolated statement from a document and placing it in the complaint" (citation omitted)).

Further, even if the accounting standards were not incorporated by reference (they are),

---

[1] "RJN" refers to BigBear Defendants' Request for Judicial Notice (Dkt. 77) and "RJN Opp." to Plaintiffs' opposition thereto (Dkt. 87).  "Reply" refers to BigBear's Reply in Support of Their Motion to Dismiss, filed herewith.  Other capitalized terms have the same meaning as in the Reply.

they are nonetheless the proper subjects of judicial notice because the content of the standards are facts "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Katyle v. Penn Nat. Gaming, Inc.*, 637 F.3d 462, 466 (4th Cir. 2011) (quoting Fed. R. Evid. 201). The same is true of Exhibit 18, an auditing standard issued by PCAOB, and the documents cited in the Bladow Declaration (Dkt. 76-1) ¶¶ 20-23, reference guides published by the Big Four accounting firms. Defendants do not ask the Court to accept these documents for the truth of their contents—instead, Defendants simply ask the Court to take notice of their existence to show PCAOB promulgates certain accounting definitions and that the Big Four accounting firms publish guides on ASC 815. Defendants make no argument about the correctness of those definitions or guides.

Finally, Plaintiffs argue that the Court cannot review the contents of Exhibits 1-14 and 17, even though they admit they are properly considered with the Motion to Dismiss. RJN Opp. at 6-8. This contention runs contrary to well-established law that allegedly fraudulent statements must be evaluated in context, and the Supreme Court's instruction in *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322-23 (2007), that evaluating a claim for securities fraud requires consideration of all relevant facts, including those in documents incorporated by reference or subject to judicial notice. BigBear Defendants' request for judicial notice and incorporation by reference (Dkt. 77) should therefore be granted.

## II. ARGUMENT

### A. Exhibits 15 and 16 Are Accounting Standards Incorporated by Reference into the Complaint

#### 1. The Accounting Standards Are Integral to the Complaint

Plaintiffs first argue that Exhibits 15 and 16 are not incorporated into the complaint because "Defendants' liability under the Exchange Act is not 'based on, nor does it otherwise turn on' these

2

sources." RJN Opp. at 3 (citing *Kumar v. Republic of Sudan*, 2019 WL 13251350, at \*9 (E.D. Va. July 31, 2019)). Even a cursory read of the Complaint belies this argument. Plaintiffs premise their theory of liability on their contention that ASC 815 is "clear" and "straightforward," arguing that because application of the standards to the 2026 Notes was "simple," the BigBear Defendants committed securities fraud when they made statements based on a contrary accounting treatment. ¶¶ 9-11, 79-85, 116-21. The Complaint describes and quotes repeatedly from Exhibit 15, and Plaintiffs base the falsity of one of the challenged statements on Exhibit 16. *E.g.*, ¶¶ 9, 80-83, 112, 118-20, 170. Indeed, Plaintiffs allege that the challenged statements were false or misleading *because* the accounting judgment involved was purportedly so "straightforward." ¶¶ 121, 128, 136, 143, 154. And they devote two pages alone to why "[t]he [c]lear [n]ature of the [a]ccounting [r]ule" allegedly supports a strong inference of Defendants' scienter. ¶¶ 166-71. In short, the accounting standards are "integral to the complaint." *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016).

Plaintiffs' cited case law does not warrant a different conclusion. *See, e.g., Kumar*, 2019 WL 13251350, at \*9 (rejecting incorporation by reference where documents were *not* "frequently referenced" and "extensively quoted"). Where, as here, a plaintiff constructs their theory of securities fraud on the nature of certain accounting standards and relies on them "extensively," *id.*, the accounting standards themselves are properly deemed incorporated by reference. *See, e.g., City of Dearborn Heights Act 345 Police & Fire Ret. Sys. v. Align Tech., Inc.*, 65 F. Supp. 3d 840, 848 (N.D. Cal. 2014) (concluding the relevant "accounting standards are incorporated by reference into the SAC, and Plaintiff's claims necessarily rely on such standards" in case challenging statements relating to goodwill accounting), *aff'd*, 856 F.3d 605 (9th Cir. 2017).

## 2. The Court Can Properly Consider the Contents of Documents Incorporated by Reference

Next, Plaintiffs argue that even if the accounting standards are integral to the Complaint, the Court cannot review what they actually say. RJN Opp. at 3, 5. As an initial matter, the Court "need not accept factual allegations 'that constitute nothing more than "legal conclusions" or "naked assertions"'" at the motion to dismiss stage. *S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 182 (4th Cir. 2013) (quoting *David v. Alphin*, 704 F.3d 327, 333 (4th Cir. 2013)). Plaintiffs' *characterizations* of the accounting standards as straightforward, clear, and simple are not facts that the Court must credit, regardless of whether an incorporated document undermines those contentions. *Id.*; *see also* Reply at 18-19.

Plaintiffs are also wrong that documents incorporated by reference can only be considered in resolving a motion to dismiss if they do not contradict the Complaint's allegations. RJN Opp. at 3-4. To the contrary, "[w]hen the plaintiff . . . incorporates a document upon which his claim is based, or when the complaint otherwise shows that the plaintiff has adopted the contents of the document, *crediting the document over conflicting allegations in the complaint is proper*." *Goines*, 822 F.3d at 167 (emphasis added). It is true that if a plaintiff has used a document "for purposes other than the truthfulness of the document," then that document may not necessarily be treated as true, as was so in Plaintiffs' cited cases. *Id.* at 167-68 (improper to incorporate police report that was cited only to show that officers made mistakes in wrongful arrest case); *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1006 (9th Cir. 2018) (improper to incorporate document where it was merely cited in complaint to "demonstrate[] that there was some financial incentive" for misrepresentations). But Plaintiffs clearly have "adopted as true" the accounting standards in Exhibits 15 and 16, as they have built their theory of fraud on the notion that BigBear wrongly applied these standards. *Goines*, 822 F.3d at 167. Indeed, the entire purpose of the

4

incorporation by reference doctrine is to prevent plaintiffs from circumventing their pleading burdens by recourse to the selective and misleading characterization of a document's contents—exactly what Plaintiffs attempt here by quoting from one isolated sentence of ASC 815 and ignoring the parts that undermine their theory of fraud. *See* Reply at 1, 5-6, 18; *see also In re Samsung Galaxy Smartphone Mktg. & Sales Pracs. Litig.*, 2020 WL 7664461, at *4 (N.D. Cal. Dec. 24, 2020) ("[S]elective pleading is precisely why the incorporation-by-reference doctrine exists.").

Finally, Plaintiffs claim that "the BigBear Defendants' argu[e] that the Scope Exception could have been applied to the 2026 Notes," but this simply misconstrues the BigBear Defendants' argument. RJN Opp. at 4. As explained in the Motion to Dismiss, the BigBear Defendants acknowledge that "they restated certain financial statements to update their judgment in accounting for a complicated hybrid debt instrument," and the BigBear Defendants do not present the accounting standards to somehow walk back that restatement. Mot. at 12. Rather, Exhibits 15 and 16 are offered to show what the accounting rules are and the steps required in reaching the ultimate professional accounting judgment under those rules—not whether BigBear's application of those rules was objectively right or wrong at any given point in time. *Id.* at 3-5. They are therefore properly incorporated by reference into the Complaint.

### 3. The Exhibits and Reference Guides Are Judicially Noticeable

Plaintiffs also claim that Exhibits 15, 16, 18, and the reference guides cited in ¶¶ 20-23 of the Bladow Declaration are not judicially noticeable. RJN Opp. at 4-6. But courts routinely take judicial notice of accounting standards promulgated by sources whose reliability cannot reasonably be questioned, like the FASB and PCAOB. *See* Exs. 15-16, 18; RJN at 5-6. The BigBear Defendants are *not* offering these exhibits to establish whether the BigBear Defendants properly applied the accounting standards before or after the company's financial restatement. Instead, they

are offered for the well-established proper purpose of showing what the full standards in fact say. *See* RJN at 5-6.  Even Plaintiffs' own authority confirms that "[i]t is true that courts take judicial notice of official accounting standards to establish the terms of GAAP themselves." *Baron v. Hyrecar Inc.*, 2022 WL 17413562, at *5 (C.D. Cal. Dec. 5, 2022).

Finally, Plaintiffs object to taking judicial notice of the documents cited at ¶¶ 20-23 of the Bladow Declaration.[2]  RJN Opp. at 6.  Plaintiffs cite no law for the principle that guidance promulgated by well-established institutions like the Big Four accounting firms do not meet the requirements of Fed. R. Evid. 201, *see* RJN Opp. at 6; to the contrary, accounting guides are properly noticeable.  RJN at 6-7.  Nor are the BigBear Defendants improperly citing them for their truth; they are offered only "for their 'existence and contents.'"  RJN at 6 (quoting *Williams v. Basic Contracting Servs., Inc.*, 2009 WL 3756943, at *1 n.1 (S.D.W. Va. Nov. 9, 2009)).

**B.    The Company's Public Statements, Including in SEC Filings, Are Both Incorporated by Reference and Judicially Noticeable**

Finally, although they concede that Exhibits 1-14 and 17 are incorporated into the Complaint, Plaintiffs claim the BigBear Defendants cannot cite their contents.  RJN Opp. at 7. Plaintiffs are wrong.  Indeed, the Fourth Circuit has explicitly recognized that, in securities fraud cases, "[w]hile [a court] must accept plaintiffs' factual allegations as true, the Supreme Court . . . held that we should not decide the issue of scienter by viewing individual allegations in isolation. Rather, we must examine the facts as a whole, *including facts found in 'documents incorporated into the complaint by reference.'"  Cozzarelli v. Inspire Pharms. Inc.*, 549 F.3d 618, 625 (4th Cir. 2008) (emphasis added) (quoting *Tellabs*, 551 U.S. at 322) (rejecting argument that court could not consider analyst reports "in full" where "the complaint quotes [them] selectively").

---

[2] Although the BigBear Defendants were able to access the guides without issue, *see* RJN Opp. at 6, the hyperlinks are nevertheless resubmitted in the Supplemental Bladow Declaration filed herewith, at ¶¶ 3-6.

Further, SEC filings and public statements are also properly noticeable for the facts of what information was disclosed to the market and when. RJN at 4. "[I]n securities fraud cases courts routinely take judicial notice of newspaper articles, analysts reports, and press releases in order to assess what the market knew at particular points in time, even where the materials were not specifically referenced in the complaint." *Johnson v. Pozen Inc.*, 2009 WL 426235, at *2 (M.D.N.C. Feb. 19, 2009), *report and recommendation adopted*, 2009 WL 10680297 (M.D.N.C. Sept. 29, 2009); *see Hirtenstein v. Cempra, Inc.*, 348 F. Supp. 3d 530, 550 (M.D.N.C. 2018) ("Within the context of securities fraud actions, courts routinely take judicial notice of publicly available documents that discuss the subject of the case, particularly in cases such as this where there are allegations of fraud on the market."), *aff'd sub nom. Janies v. Cempra, Inc.*, 816 F. App'x 747 (4th Cir. 2020). BigBear Defendants are not presenting these exhibits for the truth of the company's statements; these exhibits are presented for "the fact of their publication," a valid purpose for the documents. *Cempra*, 348 F. Supp. 3d at 550; *see* RJN at 4-5.

Plaintiffs do not cite any in-circuit precedent to the contrary. They argue that *Tchatchou v. India Globalization Capital Inc.*, 2021 WL 307415 (D. Md. Jan. 29, 2021), supports their argument but point only to that case's discussion of the merits of the motion to dismiss. RJN Opp. at 7. In resolving the request for judicial notice, *Tchatchou* made clear that "[w]hen a court takes judicial notice of a public record, it takes notice that the record exists, or that it was filed with the agency, *or that the information was publicly available*." 2021 WL 307415, at *5 (emphasis added). It also acknowledged that "Plaintiffs' allegations of false statements must be analyzed in context, especially when considering whether there is a strong inference of scienter." *Id.* (citing *Tellabs*, 551 U.S. at 322). And the court ultimately determined that SEC filings and press releases were incorporated by reference or noticeable. *See id.* at 5-6.

7

Plaintiffs also rely on *Clatterbuck v. City of Charlottesville* for the principle that public records may not be judicially noticed to establish a fact, RJN Opp. at 7, but that is not the import of that case. 708 F.3d 549 (4th Cir. 2013). There, the district court relied on "a citizen speaking at a city council meeting in support of the proposed ordinance" to make a finding of "legislative fact," and the Fourth Circuit reversed. *Id.* at 558. But not only was *Clatterbuck* not a securities fraud case, it turned on the lower court gleaning legislative intent from the statement of someone who was not even part of the legislature. *Clatterbuck* nonetheless recognized that courts *can* take judicial notice of "the government's purpose as stated in a legislative record" and even acknowledged that *properly noticed* "legislative facts . . . cannot be trumped upon judicial review." *Id.* at 557-58 (quotation marks and citation omitted).

## III.    CONCLUSION

Exhibits 15 and 16 are incorporated by reference in the Complaint. Exhibits 1-14 and 17 are, by Plaintiffs' own admission, also incorporated by reference in the Complaint. All exhibits and the reference guides cited in ¶¶ 20-23 of the Bladow Declaration are judicially noticeable as well. Because these documents are either incorporated by reference, judicially noticeable, or both, considering them in connection with the Motion to Dismiss is proper and will not transform the Motion into one for summary judgment. *Cempra*, 348 F. Supp. 3d at 549 ("[T]he court can consider 'documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice' without converting a motion to dismiss into one for summary judgment." (citation omitted)). BigBear Defendants' RJN should be granted.

Dated: November 6, 2025

Respectfully submitted,
**LATHAM & WATKINS LLP**

/s/ *Laura E. Bladow*

Laura E. Bladow (VA Bar 93395)
Stephen T. Nasko (*pro hac vice*)
555 Eleventh Street, NW Suite 1000
Washington, DC 20004
Tel: (202) 637-2200
Fax: (202) 637-2201
laura.bladow@lw.com
stephen.nasko@lw.com

/s/ *Colleen C. Smith*

Colleen C. Smith (*pro hac vice*)
Katherine E. Bruce (*pro hac vice*)
12670 High Bluff Drive
San Diego, CA 92130
Tel.: (858) 523-5400
Fax: (858) 523-5450
colleen.smith@lw.com
kathy.bruce@lw.com

Jordan D. Cook (*pro hac vice*)
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626
Tel.: (714) 540-1235
Fax: (714) 755-8290
jordan.cook@lw.com

*Counsel to BigBear.ai Holdings, Inc., Louis R.
Brothers, Amanda Long, Joshua Kinley, Julie A.
Peffer, and Sean Ricker*

9

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of November, 2025, I electronically filed the foregoing Reply in Support of Request for Judicial Notice and Incorporation by Reference with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to all registered users.

*/s/ Laura E. Bladow*