**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| SEAN PRIEWE, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>BIGBEAR.AI HOLDINGS, INC., LOUIS R. BROTHERS, AMANDA LONG, JOSHUA KINLEY, JULIE A. PEFFER, SEAN RICKER, and AE INDUSTRIAL PARTNERS, LP (f/k/a AE INDUSTRIAL PARTNERS, LLC),<br><br>Defendants. | Case No. 1:25-cv-00623-PTG-WEF<br><br><u>CLASS ACTION</u> |

**PLAINTIFFS' OPPOSITION TO DEFENDANT AE'S REQUEST FOR JUDICIAL NOTICE AND INCORPORATION BY REFERENCE**

In support of their reply briefing on their motion to dismiss, AE again asks the Court to deem incorporated by reference a document nowhere to be found within the four corners of the Consolidated Complaint ("CC"), Dkt. No. 54. *See* Dkt. No. 94. This time, AE submits the Rule 10b5-1 plan supposedly entered into on May 7, 2024, as alleged at ¶¶98 and 181 of the CC. But Plaintiffs could not possibly have relied on Exhibit 2—AE's 10b5-1 plan—in drafting the CC's allegations because ***it is confidential***; the details of the plan are nowhere available to the public. The CC relies only on the footnoted annotations to Forms 4 documenting sales supposedly made pursuant to the 10b5-1 plan. *See* ¶¶98, 181. AE's request for judicial notice of Exhibit 2 is therefore inappropriate and should be denied.

This request that the Court consider additional extrinsic documents while evaluating Defendant AE's motion to dismiss is yet another instance of the "concerning pattern in securities cases" recognized by the Ninth Circuit seven years ago, whereby defendants "exploit[]" the procedures of judicial notice or incorporation by reference "to defeat what would otherwise constitute adequately stated claims at the pleading stage." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018). This "unscrupulous use of extrinsic documents to resolve competing theories against the complaint," *id.*, is precisely what AE is attempting to do here: submit a supposedly helpful confidential Rule 10b5-1 trading plan to dispute the allegations in the CC and then claim victory. Plaintiffs did not have access to the 10b5-1 plan in drafting the CC, nor did Plaintiffs have access to the interactions surrounding the trading plan's creation—who arranged for its terms and conditions, on whose behalf they acted, and how AE and its partners distinguished between the activities of AE's various shell entities and AE, itself.

Indeed, AE introduces Exhibit 2 for the sole purpose of contradicting Plaintiff's well-plead allegations that AE entered into a 10b5-1 trading plan on May 7, 2024 and subsequently made

1

sales of BigBear stock pursuant to that plan. *See* Dkt. No. 92, at 18 ("[T]he Rule 10b5-1 Plan Plaintiffs attribute to AE Industrial was entered into by BBAI Ultimate, not AE Industrial."). Plaintiffs' allegations in the CC are based on the representation in Forms 4 related to AE's sales that "AE Industrial Partners and each AE Party may … be considered a director of the issuer by deputization" because "Kirk Michael Konert and Jeffrey Hart serve as Partners of AE Industrial Partners, LP." ¶98. And the Court may not consider such extrinsic documents during the pleading stage of litigation without converting the motion to dismiss into a motion for summary judgment, which is inappropriate "when the parties have not had an opportunity to conduct reasonable discovery." *Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597, 606 (4th Cir. 2015).

AE argues that Plaintiffs previously did not object to the Court deeming "similar exhibits" incorporated by reference, Dkt. No. 94, at 3-4, but none of those exhibits were "similar" to Exhibit 2. Those exhibits were BigBear's SEC filings referenced throughout the CC, which are essential to a securities fraud claim premised upon misstatements made in the very same SEC filings. *See Greenhouse v. MCG Cap. Corp.*, 392 F.3d 650, 655-57 n.4 (4th Cir. 2004). Plaintiffs necessarily relied on those SEC filings in drafting the allegations in the CC. Importantly, SEC filings are public documents. However, Plaintiffs could not possibly have relied on the terms and conditions of the 10b5-1 plan because it is not publicly available information. *Quinones v. Frequency Therapeutics, Inc.*, 665 F. Supp. 3d 156, 177 n.4 (D. Mass. 2023) ("Lucchino's 10b5 -1 plan is not public….").

Exhibit 2 (like Exhibit 1 – a Form 4 that Plaintiffs attribute to AE) is submitted for the sole purpose of supporting AE's argument that AE did not undertake any of the conduct alleged in the CC. But a motion to dismiss is not the vehicle for disputing allegations. On a complete record, the Parties can present evidence supporting competing theories of the case. Defendant AE's additional request for judicial notice in support of AE's reply brief should be denied (along with AE's motion

to dismiss).

Dated: November 18, 2025

Respectfully submitted,

*/s/ Steven J. Toll*
Steven J. Toll (Va. Bar No. 15300)
Julie Goldsmith Reiser
S. Douglas Bunch
**COHEN MILSTEIN SELLERS
    & TOLL PLLC**
110 New York Avenue NW, Suite 800
Washington, DC 20005
Tel.: (202) 408-4600
Fax: (202) 408-4699
stoll@cohenmilstein.com
jreiser@cohenmilstein.com
dbunch@cohenmilstein.com

*Liaison Counsel for Lead Plaintiffs*

*/s/ Jeffrey C. Block*
Jeffrey C. Block (*pro hac vice*)
Jacob A. Walker (*pro hac vice*)
Sarah E. Delaney (*pro hac vice*)
Michael D. Gaines (*pro hac vice*)
**BLOCK & LEVITON LLP**
260 Franklin St., Suite 1860
Boston, MA 02110
Tel.: (617) 398-5600
Fax: (617) 507-6020
jeff@blockleviton.com
jake@blockleviton.com
sarah@blockleviton.com
michael@blockleviton.com

*Lead Counsel for Lead Plaintiffs Ning Sun and
Yang Zen and Lead Counsel for the Putative Class*

3

**CERTIFICATE OF SERVICE**

I hereby certify that on this 18th day of November 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

Dated: November 18, 2025

/s/ *Steven J. Toll*
Steven J. Toll

4