**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

|  |  |
|---|---|
| SEAN PRIEWE, Individually and On Behalf of All Others Similarly Situated,<br><br>            Plaintiff,<br><br>       v.<br><br>BIGBEAR.AI HOLDINGS, INC., LOUIS R. BROTHERS, AMANDA LONG, JOSHUA KINLEY, JULIE A. PEFFER, SEAN RICKER, and AE INDUSTRIAL PARTNERS, LP (F/K/A AE INDUSTRIAL PARTNERS, LLC),<br><br>            Defendants. | Case No. 1:25-cv-00623-PTG-WEF<br><br><u>CLASS ACTION</u> |

**DEFENDANT AE INDUSTRIAL PARTNERS, LP'S REPLY IN FURTHER SUPPORT OF SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE AND INCORPORATION <u>BY REFERENCE AND IN RESPONSE TO PLAINTIFFS' OPPOSITION</u>**

**MᶜDᴇʀᴍᴏᴛᴛ Wɪʟʟ & Sᴄʜᴜʟᴛᴇ LLP**
Jonathan A. Henry, Esq. VA Bar #80467
500 North Capitol Street, NW
Washington, DC 20001
jhenry@mwe.com

Steven S. Scholes, Esq. (*admitted pro hac vice*)
444 West Lake Street, Suite 4000
Chicago, IL 60606
sscholes@mwe.com

Nathan M. Bull, Esq. (*admitted pro hac vice*)
333 SE 2nd Ave, Suite 4500
Miami, FL 33131
nbull@mwe.com

Timothy C. Cramton, Esq. (*admitted pro hac vice*)
One Vanderbilt Avenue
New York, NY 10017
tcramton@mwe.com

*Attorneys for Defendant AE Industrial Partners, LP*

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ...........................................................................................................1

ARGUMENT ...................................................................................................................................2

    A.    Legal Standard ..............................................................................................................2

    B.    The Plan is Integral to the Complaint and Plaintiffs Do Not Dispute
        its Authenticity ..............................................................................................................2

    C.    Plaintiffs Cannot Rely on Selective Allegations about the Plan that
        are Contradicted by the Plan Itself ...............................................................................4

CONCLUSION ................................................................................................................................6

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Al-Rasheed v. DBI Servs., LLC.*,
   No. 2:20-CV-201, 2021 WL 1991260 (E.D. Va. May 18, 2021) ...............................................5

*American Chiropractic Ass'n v. Trigon Healthcare, Inc.*,
   367 F.3d 212 (4th Cir. 2004) ...............................................................................................2, 4

*Barringer-Brown v. Virginia Cmty. Coll. Sys.*,
   No. 3:24-CV-465, 2025 WL 2722661 (E.D. Va. Sept. 24, 2025) ............................................3

*Cozzarelli v. Inspire Pharms. Inc.*,
   549 F.3d 618 (4th Cir. 2008) ...............................................................................................1, 5

*Glaser v. The9, Ltd.*,
   772 F. Supp. 2d 573 (S.D.N.Y. 2011) ....................................................................................5

*Goines v. Valley Cmty. Servs. Bd.*,
   822 F.3d 159 (4th Cir. 2016) ..............................................................................................5, 6

*Hanson Co. v. City of Richmond, Virginia*,
   No. 3:22CV147, 2022 WL 4000415 (E.D. Va. July 29, 2022) ...............................................6

*Hopson v. MetroPCS Commc'ns, Inc.*,
   No. 3:09-CV-2392-G, 2011 WL 1119727 (N.D. Tex. Mar. 25, 2011).....................................5

*Khoja v. Orexigen Therapeutics, Inc.*,
   899 F.3d 988 (9th Cir. 2018) ..................................................................................................6

*Quinones v. Frequency Therapeutics, Inc.*,
   665 F. Supp. 3d 156 (D. Mass. 2023) .....................................................................................3

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*
   551 U.S. 308 (2007)................................................................................................................5

*Trauernicht v. Genworth Fin. Inc.*,
   No. 3:22-CV-532, 2023 WL 5961651 (E.D. Va. Sept. 13, 2023) ...........................................3

*Zak v. Chelsea Therapeutics Int'l, Ltd.*,
   780 F.3d 597 (4th Cir. 2015) ..................................................................................................6

**Other Authorities**

17 C.F.R. § 240.10b5-1..............................................................................................1, 5, 7

Fed. R. Civ. P. 12.........................................................................................................5

**Note on Citation Format:** Unless stated otherwise, emphasis has been added to quotations, and internal quotations, brackets, citations, and footnotes have been omitted from citations. All capitalized terms have the same meaning as defined in Defendant AE Industrial's Memorandum of Law in support of its Motion to Dismiss (ECF No. 70) and/or its Reply (ECF No. 92.) References to the Complaint (ECF No. 54) are identified by citations to "AC", while references to Plaintiffs' Memorandum of Law in Opposition to AE Industrial Partners, LP's Motion to Dismiss the Complaint (ECF No. 85) are identified by citations to "Opp.". References to all other papers and pleadings filed in this action are identified by ECF docket number.

## PRELIMINARY STATEMENT

Plaintiffs' claims against AE Industrial are largely premised on the allegation that certain "subsidiary entities" of AE Industrial purportedly sold shares of BigBear common stock while AE Industrial was in possession of material nonpublic information. (AC ¶¶ 47, 177-87.) According to the Complaint, many of these alleged sales were made pursuant to a Rule 10b5-1 plan, which Plaintiffs allege that AE Industrial entered into on May 7, 2024 (the "Plan"). (AC ¶¶ 98-99 n.4, 181-82, 184 n.6.) Moreover, as Plaintiffs argued in their Opposition to AE Industrial's Motion to Dismiss, Plaintiffs allege that the Plan supports their contention that AE Industrial acted with scienter in making the alleged sales. (AC ¶ 181-82; Opp. at 1, 8-9, 20-21 n.10 & n.12, 24-25.)

In response, AE Industrial attached the Plan as an exhibit (ECF No. 93-2) with its Reply and requested that the Court take judicial notice of the Plan in considering the Motion. (ECF No. 94). The Plan undermines Plaintiffs' theory because it was entered into by **BBAI Ultimate Holdings, LLC** ("BBAI Ultimate"), one of the "subsidiary entities" that allegedly held and sold the shares of BigBear stock at issue, **not** AE Industrial. *See Cozzarelli v. Inspire Pharms. Inc.*, 549 F.3d 618, 625-26 (4th Cir. 2008) ("The content…makes clear why plaintiffs urge us not to look beyond the complaint itself: the reports demonstrate the fundamental weakness of plaintiffs' case.").

Now Plaintiffs oppose AE Industrial's request with respect to the Plan on the basis that the Court may not consider "extrinsic documents in evaluating Defendant AE's motion to dismiss." (ECF No. 98 at 1-2.) Plaintiffs are wrong. The Plan is integral to the Complaint and there is no question as to its authenticity. Accordingly, the Court can and should consider the Plan and its contents in deciding the Motion. *See Cozzarelli*, 549 F.3d at 625-26.

1

## ARGUMENT

### A.    Legal Standard

"When a defendant attaches a document to its motion to dismiss, a court may consider it in determining whether to dismiss the complaint if it was integral to and explicitly relied on in the complaint and if the plaintiffs do not challenge its authenticity." *American Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004). That is the case here.

### B.    The Plan is Integral to the Complaint and Plaintiffs Do Not Dispute its Authenticity

Plaintiffs do not dispute the Plan's authenticity. Instead, Plaintiffs contend that the Plan is "nowhere to be found" in the Complaint. (ECF No. 98 at 1.) However, the Plan is expressly referenced *multiple* times in the Complaint, including in the allegations Plaintiffs themselves cite in opposition to the request at issue here. (*See* ECF No. 98 at 1) (citing AC ¶¶ 98 and 181).)

Plaintiffs also argue that they "could not possibly have relied on Exhibit 2—AE's 10b5-1 plan—in drafting the [Complaint's] allegations because it is confidential," and contend that the Complaint relies instead "only on the footnoted annotations to Forms 4 documenting sales supposedly made pursuant to the 10b5-1 plan." (*Id.*) But this claim is belied by the allegations themselves. For example, Plaintiffs repeatedly allege that: "On May 7, 2024, AE entered into a 10b5-1 trading plan to sell additional shares of BigBear (*though the plan's parameters did not trigger sales until December 2024*)." (AC ¶¶ 98, 181.) These "parameters" appear nowhere in the "footnoted annotations" Plaintiffs claim they relied solely on here, as reflected in the Form 4 that AE Industrial also attached as an exhibit (which Plaintiffs do not oppose) and included in the same request for judicial notice as the Plan. (*See* ECF No. 93-1 and ECF No. 94.) And, in any event, Plaintiffs do not cite any authority for the notion that the Court cannot consider a document that

2

Plaintiffs explicitly referenced in their Complaint (and thus clearly knew about) simply because they did not have it on hand when they drafted their pleadings.[1]

Since Plaintiffs do not dispute the Plan's authenticity, all that matters is whether the Plan is integral to the Complaint—meaning that "the claims turn on, or are...otherwise based on the document." *Barringer-Brown v. Virginia Cmty. Coll. Sys.*, No. 3:24-CV-465, 2025 WL 2722661, at *2 (E.D. Va. Sept. 24, 2025). Here, the Plan is integral to the Complaint because (1) Plaintiffs' insider trading claims are based on sales that "AE" allegedly made pursuant to the Plan; and (2) Plaintiffs rely on the Plan in alleging that AE Industrial acted with scienter.

*First*, with respect to the sales, Plaintiffs allege that "39,446,644 of the 60.9 million shares AE sold in December 2024…were **sold pursuant to a 10b5-1 plan adopted May 7, 2024**. (AC ¶ 184 n.6). Because Plaintiffs' insider trading claims are largely based on these sales, those claims turn on the allegation that that *AE Industrial* (as opposed to BBAI Ultimate) made those sales **pursuant to the Plan**. For that reason alone, the Plan is integral to the Complaint and can and should be properly considered here. *See, e.g.*, *Trauernicht v. Genworth Fin. Inc.*, No. 3:22-CV-532, 2023 WL 5961651, at *8 (E.D. Va. Sept. 13, 2023) ("The SAC specifically identifies the IPS and discusses its selection and monitoring criteria…Accordingly, Exhibit A appears integral to the SAC and can be properly considered with the 12(b)(6) Motion").

*Second*, with respect to scienter, Plaintiffs allege that BigBear "conspicuously **failed to disclose AE's 10b5-1 plan**" in its public filings "in violation of updated Regulation S-K reporting requirements effective April 8, 2024," and thus contend that BigBear's purported failure to do so "**evidences AE's intent to conceal these planned trades from the public**." (Opp. at 8, 20) (citing

---

[1] Plaintiffs' reliance on *Quinones v. Frequency Therapeutics, Inc.*, 665 F. Supp. 3d 156, 177 n.4 (D. Mass. 2023) is misguided. (ECF No. 98 at 2). In that case, unlike here, there was no reference to the disputed 10b5-1 plan in the complaint.

3

AC ¶¶ 97-99, 181)). And as Plaintiffs themselves argued in their Opposition brief: "Plaintiffs point to the timing at which AE entered into the ***10b5-1 plan*** (in May 2024, shortly after false and misleading statements were made in the 2023 Form 10-K), the timing of the sales supposedly pursuant to ***that plan*** (December 2024, right after AE learned that BigBear would need to restate financials, and three months before BigBear disclosed the need to restate financials), and BigBear's failure to subsequently disclose ***this 10b5-1 plan*** (in violation of SEC Regulation S-K), as ***affirmatively supporting an inference of scienter***." (Opp. at 20-21 n.12; *see also id*. at 1, 8-9, 24-24) (citing AC ¶¶ 98-99, 101, 181)). Because Plaintiffs' allegations of scienter specifically reference and rely on the Plan, it is integral to the Complaint and can and should be considered by the Court in deciding the Motion.

**C.     Plaintiffs Cannot Rely on Selective Allegations about the Plan that are Contradicted by the Plan Itself**

Plaintiffs do not dispute the Plan's authenticity. Yet Plaintiffs ask the Court to accept as true their allegations that AE Industrial violated federal securities laws by selling shares of BigBear stocks pursuant to the Plan, and that the Plan itself supports an inference of scienter—while at the same time urging the Court to ignore what that document actually says. That position is untenable.

*First*, the Fourth Circuit has repeatedly recognized that plaintiffs may not avoid dismissal by selectively relying on documents referenced in their pleadings. *See American Chiropractic*, 367 F.3d at 234 ("What the rule seeks to prevent is the situation in which a plaintiff is able to maintain a claim of fraud by extracting an isolated statement from a document and placing it in the complaint, even though if the statement were examined in the full context of the document, it would be clear that the statement was not fraudulent."). As this Court has explained, "if it were that case that plaintiffs could bypass Rule 12 motions by simply failing to attach potentially dispositive documents to their complaints—whether intentional or otherwise—such a tactic would

4

give way to a gross miscarriage of justice." *Al-Rasheed v. DBI Servs., LLC.*, No. 2:20-CV-201, 2021 WL 1991260, at *3 (E.D. Va. May 18, 2021). The same reasoning applies here.

*Second*, the Fourth Circuit has also held that courts "should not decide the issue of scienter by viewing individual allegations in isolation." *Cozzarelli*, 549 F.3d at 625 (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322-23 (2007)). Rather, they "must examine the facts as a whole, including facts found in 'documents incorporated into the complaint by reference.'" *Id*. at 625-26. Thus, courts have rejected the same arguments Plaintiffs raise here, including with respect to Rule 10b5-1 trading plans. *See id.* ("the complaint quotes selectively from various reports by investment analysts, and plaintiffs argue that we should not consider the reports in full. That argument is erroneous."); *Glaser v. The9, Ltd.*, 772 F. Supp. 2d 573, 593 n.14 (S.D.N.Y. 2011) (rejecting plaintiffs' assertion that Rule 10b5-1 trading plans cannot be considered on a motion to dismiss); *Hopson v. MetroPCS Commc'ns, Inc.*, No. 3:09-CV-2392-G, 2011 WL 1119727, at *14 n.14 (N.D. Tex. Mar. 25, 2011) ("The plaintiff would have this court ignore the defendants' 10b5-1 trading plans…Such plans, however, may rebut an inference of suspiciousness."). In *Hopson*, the court held that because "the plaintiff incorporated the 10b5-1 trading plans into his amended complaint by reference…and the defendants supplemented the record by including copies of the relevant Form 4s in an appendix attached to their motion to dismiss," it was entirely proper to consider the 10b5-1 trading plans in deciding the motion. *Id*. So too, here.

*Third*, Plaintiffs' argument that "a motion to dismiss is not the vehicle for disputing allegations" (ECF No. 98 at 2) flouts the well-established rule that if a plaintiff relies on a document "to form the basis for a claim or part of a claim, dismissal is appropriate if the document negates the claim." *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016). Indeed,

it is axiomatic that "where the bare allegations of the complaint conflict with any document incorporated therein, the document prevails." *Hanson Co. v. City of Richmond, Virginia*, No. 3:22CV147, 2022 WL 4000415, at *3 (E.D. Va. July 29, 2022), *aff'd*, No. 22-1909, 2023 WL 2570959 (4th Cir. Mar. 20, 2023). For example, "if a securities-fraud plaintiff alleges that the defendant's prospectus failed to disclose a material risk, the claim will be dismissed if the prospectus shows the disclosure was in fact made." *Id*.

Because the Plan is referenced in the Complaint and there is no dispute as to its authenticity, the Court can and should take notice of the fact that (among other things) the Plan clearly refutes the allegation that AE Industrial sold any shares of BigBear stock pursuant to the Plan.[2]

## CONCLUSION

For the foregoing reasons, AE Industrial respectfully requests that the Court take judicial notice of the Rule 10b5-1 Plan that AE Industrial attached as Supplemental Exhibit 2 in considering AE Industrial's Motion to Dismiss, and further requests that the Court grant its Motion with respect to all of the claims that are refuted by its contents.

---

[2] The other cases Plaintiffs cite are either easily distinguished or simply do not support their position. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988 (9th Cir. 2018) is a Ninth Circuit case where the court generally cautioned against overbroad applications of judicial notice. It has nothing to do with the facts here, and, if anything, reaffirms the same principles that where a complaint explicitly references and relies on a document, the court can take judicial notice of it. *See id*. at 1004 (Because the article triggered the alleged scheme, the article formed the basis of the scheme. Accordingly, the district court did not abuse its discretion by incorporating the article."). In *Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597 (4th Cir. 2015), the complaint "stated in general terms that, in investigating the case, plaintiffs' counsel had reviewed the public filings submitted to the SEC." *Id*. at 607. "However, the complaint did not otherwise refer to any SEC filings, or the contents of such filings, to support the plaintiffs' allegations. In fact, the complaint did not contain any allegation suggesting that the individual defendants made any sales or purchases of Chelsea stock during the class period." *Id*. Those facts bear no resemblance to the allegations here.

Dated: November 24, 2025

Respectfully submitted,

/s/ *Jonathan A. Henry*

Jonathan A. Henry, Esq. VA Bar #80467
500 North Capitol Street, NW
Washington, DC 20001
Tel: (202)756-8994
Fax: (202) 747 2939
jhenry@mwe.com

Steven S. Scholes (*admitted pro hac vice*)
444 West Lake Street, Suite 4000,
Chicago, IL 60606
Tel: (312) 984-7762
Fax: (312) 984-7700
sscholes@mwe.com

Nathan Bull (*admitted pro hac vice*)
333 SE 2nd Avenue, Suite 4500
Miami, FL 33131
Tel: (305) 358-3500
Fax: (305) 347-6500
nbull@mwe.com

Timothy C. Cramton (*admitted pro hac vice*)
One Vanderbilt Avenue
New York, NY 10017
Tel: (212) 547-5748
Fax: (212) 547-5444
tcramton@mwe.com

*Counsel for Defendant AE Industrial*
*Partners, LP*

7